ANNIE E. TATE *v.* MATTIE E. TOWNSEND ET AL.

LIMITATION OF ESTATES.　*Life estate.*

> Under a will providing that the "share of my property received by J. he may have and use the profits from, during his natural life, and at his death 'descend' to his 'children,' and in the event they should not live to be twenty-one years old, then it must go to my son W. But if he (J.) should outlive his children, then he may will it to whom he pleases." The whole estate did not vest in J. and the limitation to his children was valid, and at his death they took the estate by virtue of the will.

APPEAL from the Circuit Court of Tate County.

HON. A. T. ROANE, Judge.

The appellees brought an action of ejectment against the appellants, the appellees claiming under the will of one Martha Fitzgerald, deceased, the appellants claiming under deed from John Haywood Fitzgerald, deceased. The case comes up on an agreed state of facts, which are as follows:

Martha Fitzgerald died in June, 1860, testate. At the time of her death she was a widow residing in DeSoto County, Miss., and owned in fee simple the lands in controversy. She left surviving her two sons mentioned in the will—John Hayward Fitzgerald and Willie Fitzgerald. The appellees are the only children of John Haywood Fitzgerald and were living at the date of the death of their grandmother, Martha Fitzgerald. Willie at that date was unmarried. John Haywood Fitzgerald died in December, 1881. At the time of his death his brother Willie was married and had children living. Appellees are the children of John Haywood Fitzgerald and brought this suit claiming under the will of Martha Fitzgerald against the appellants, who claim under deed from John Haywood Fitzgerald. The clauses of the will upon which appellees base their claim are as follows: " 2d, it is my will that all my personal and real estate be equally divided between my two sons, John Haywood Fitzgerald and Willie Fitzgerald; 3d, it is my will that the share of my property which John Haywood receives, he may have and use the profits from, during his natural life, and at his death descend to his children, and in the event that they should not live to be twenty-one years old, then it must go to my son, Willie Fitz-

gerald, but if he should outlive his children, then he may will it to whom he pleases; 4th, it is my will (that if at any time) Willie Fitzgerald should survive John Haywood Fitzgerald, he (Willie) is to be the guardian of his children and manage their property; 6th, it is my will that in case Willie Fitzgerald should die before John Haywood Fitzgerald and leave children, then John Haywood Fitzgerald is to be their guardian and manage their property, and in the event that they should not live to be twenty-one years old, then it (the property) must go to John Haywood Fitzgerald. But if Willie should outlive his children, or leave none, he may will his property to whom he pleases." There are other clauses of the will, but unimportant in cases at bar.

*T. W. White,* for the appellants.

1. It is claimed by the appellants that under the rule in *Shelley's Case* the limitations of the will over, after the death of John Haywood Fitzgerald, are void and that he took a fee simple. In order to arrive at a proper conclusion on this point, it will be necessary to determine what the testatrix meant by the term children in the third clause of her will. While it is not controverted that generally children or child is a word of purchase, it is equally true that the term is frequently used in such manner and connection as makes it as much a word of limitation as heirs, issue, or heirs of the body, and the manner of its use and the context in the will with attendant facts, showing that it was the intention of the testatrix to use it in that sense, then, of course, it will be construed as if the usual word of limitation was used. 3 Jarman on Wills 106 note, 117 note, 174–182; *Jordan* v. *Roach,* 32 Miss. 612-13-14; *Cannon* v. *Barry,* 59 Miss. 300. It will be observed that the will does not in terms give the property to the children of John Haywood Fitzgerald. It says, after giving him an estate for life, it shall descend to them, using the word above as the most proper for expressing the idea for which we contend, most foreign from the idea at purchase; nay, further, it says at *his death,* making the idea more emphatic, if it were possible to do so, that the right of the children began at *that time.*

2. Appellants further claim that the devise is void under art. 3,

page 307, Rev. Code 1857, in force when the will was executed and when testatrix died. The will devises the land—1st, to John Haywood Fitzgerald for life; 2d, to his children after his death; 3d, to Willie Fitzgerald if they died under twenty-one years of age; 4th, with descent to heirs of testatrix if Willie Fitzgerald was dead before the death of the children of John Haywood Fitzgerald being minors. See *Hudson* v. *Gray*, 58 Miss. 803.

3. Appellants claim that if the statute, art. 3, page 307, Code 1857, had never been enacted, this devise would have vested a fee simple in John Haywood Fitzgerald, because the effect of the will was to create a perpetuity.

*Shands & Johnson*, for the appellees.

1. The rule in *Shelley's Case* does not apply. *Cannon* v. *Barry*, 59 Miss. 299. The language of the will creates very clearly a life estate in John Haywood with remainder over to his children, the plaintiffs, who at the time of the death of their grandmother, the testatrix, were both living. The children take as purchasers and not as heirs. Nor does the language used "at his death descend to his children" overthrow the clear intention of the testatrix manifested by the language of the whole clause, that John Haywood should have only a life estate and that the fee should vest at once upon death of testatrix in her granddaughters. The language of this clause of the will is very similar to that construed in *Hubbard et al.* v. *Selser*, 44 Miss. 705; and in *Cannon* v. *Barry*, 59 Miss. 299. See also 2 Redfield on Wills 338–43. The word "children" as used in the will at bar is certainly a word of purchase and not of limitation, and the rule in *Shelley's Case* does not apply.

2. The devise to plaintiffs is not obnoxious to the law, either statutory or common, against perpetuities.

CAMPBELL, C. J., delivered the opinion of the court.

By the will, John Haywood Fitzgerald took an estate for life with the power to dispose of it, if he should outlive his children, and at his death leaving children the land became theirs with the qualification that if they should not live to be twenty-one years

old, it should go to Willie Fitzgerald. Whether the estate vested in the children of John at the death of the testatrix or only on the death of their father, the whole estate did not vest in him, but the limitation to his children was valid, and at his death they took the estate by virtue of the will. The word "children" is generally a word of purchase, and not of limitation, and there is nothing in the will to change this meaning. The word "descend" was used in the sense of go or belong to. It is evident that the children of John were objects of the bounty of the testatrix. She intended the estate for them after John's enjoyment of it during his life. The limitation to them was valid, and no other question need to be considered, for that disposes of this case.

*Judgment affirmed.*