BETTIE WARD ET AL. *v.* L. P. COOPER ET AL.

WILL. *Devise to " children."   Grandchildren not included.*

> A will, after providing for a sale of land by the executor, contained the
> following provision: "The proceeds of said sale I give and devise to
> all the children of my sister, Barthenia Guinn, equally and jointly,
> and to their heirs and assigns forever, including any and all of her said
> children who may be living at the death of my sister Barthenia." *Held*,
> the devise is limited to the children of Barthenia, living at her death,
> as a class. It does not embrace grandchildren.

FROM the chancery court of Tunica county.
HON. W. R. TRIGG, Chancellor.

The will of Jonathan Bostick, a resident of Tunica county,
who died in 1868, contained, among other clauses, the fol-
lowing:

"I give and devise to my sisters, Barthenia Guinn, wife of
A. B. Guinn, Elizabeth Guinn, wife of M. H. Guinn, and
Nancy Bostick, jointly and equally, for and during the term
of their natural lives, my tract of land known as the Beaver
Dam place, situated in the county of Tunica, and state of Mis-
sissippi, containing, by estimation, eight hundred acres, more
or less. . . . And at the death of my said three sisters, I
direct that my executor, hereinafter named for the state of
Mississippi, shall make sale of my Beaver Dam place, at pub-
lic auction, to the highest bidder and best bidder, upon such
time or for cash, as to him, under all circumstances, may seem
best; if upon time, he will see that the purchase-money is
secured by proper liens retained on the premises, as well as
sufficient personal security; and the proceeds arising from
said sale I give and devise to all of the children of my said sis-
ter, Barthenia Guinn, equally and jointly, and to their heirs
and assigns forever, including any and all of her said chil-

dren who may be living at the death of my said sister Bar-
thenia."

At the time of the execution of the will, November 22,
1867, only three of the children of Barthenia Guinn were
living—Paralee Glidewell, Archibald and Charles N. Guinn.
Of these, the last two survived their mother, who died in
March, 1873.

Archibald Guinn sold and conveyed his interest in the
land to the defendant, L. P. Cooper; and when Nancy Bos-
tick, the last surviving life-tenant, died, Charles N. Guinn
and L. P. Cooper, deeming themselves to be entitled to the
benefit of the devise above quoted, took possession of the
land, and have since occupied and claimed it. The executor,
who, by the will, was charged with the duty of selling the
plantation at the termination of the life-estate, died before
the last surviving life-tenant, and no other executor was ap-
pointed, and the land was not sold.

This bill is filed against Charles N. Guinn and L. P. Cooper
by certain grandchildren and great-grandchildren of Barthe-
nia Guinn, who allege that, as such, they are entitled to share
equally with defendants the benefits of the devise. They
ask for a construction of the will, and that the provision
therein for a sale be enforced, and the proceeds divided be-
tween themselves and defendants.

In addition to the facts above stated, the bill alleges that
the testator, when he executed the will, knew that Barthenia
Guinn, who was then a widow, was the only one of his three
sisters who had children, and that she, at that time, had both
children and grandchildren, among the grandchildren being
some of the complainants in this bill. It is admitted in the
bill that complainants seek to hold under the children of
Barthenia Guinn who were not living at the time the life-
estate in the three sisters terminated; but it is alleged that
some of the complainants were living at the time the will
was executed, and when the testator died, and that all of
them were living at the time of the death of Barthenia

Guinn, who, as stated, died before the life-estate of Nancy Bostick in the land terminated.   They further allege that Jonathan Bostick, the testator, at the time he made his will, knew that all of his sisters were advanced in years, and beyond the age of bearing children.

From these facts, taken in connection with the language of the will, complainants contend that it was the intention of the testator that they should share in the devise equally with the children of Barthenia Guinn who were living at the time of her death.   Defendants demurred to the bill, and, from a decree sustaining the demurrer and dismissing the bill, complainants have appealed.

Much of the argument on both sides is devoted to the question whether the devise was a vested one upon the death of the testator, but the construction adopted by the court makes this branch of the controversy immaterial to be considered.

*John T. Lowe,* for appellants.

I admit that the word " children " was, by the earlier text-writers and earlier adjudications, construed as a word of purchase, and that " heirs," or " heirs of the body," were words of limitation ; but recent adjudications have wrought changes to such an extent that the exceptions are much more numerous.   We now have the word " children " used interchangeably with issue.   See *Jordan* v. *Roach,* 32 Miss., 481 ; 2 Jarman on Wills, 355 ; Beach on Wills, § 287 ; *McDaniel* v. *Allen,* 64 Miss., 417 ; 100 Ind., 476 ; 23 W. Va., 166 ; 103 Pa. St., 394 ; 10 Ala., 517 ; 137 Mass., 50 ; 103 Ill., 12.

There is nothing unusual in the amplification of the word " children " to include grandchildren.   It is always so, when it is necessary to conform to the clear intent of the testator. 32 Am. Dec., 518 ; 6 *Ib.,* 432 ; 28 *Ib.,* 648 ; 29 *Ib.,* 266.

The testator well knew, when he made the will, that only three of the immediate children of Barthenia were living. Why did he not, then, refer to the three children ?   It would

have been, unquestionably, more concise and explicit. It would have been the more natural way of expressing his intention. On the contrary, after saying " all of her said children, their heirs and assigns forever," he adds, "including any and all of her children," etc. It is apparent, then, that he meant others besides the three immediate children of Barthenia. "All her children " is an omnibus expression, and includes more than three children, especially, since the testator knew that there could be no more children born to Barthenia. In any event, I contend that the complainants, who are children of Paralee, who was living at the time of the testator's death, cannot be excluded, because she was vested with an interest at the death of the testator. 50 Mich., 395; 30 *Ib.*, 456.

*W. S. Chapman* and *L. C. Standifer*, on the same side.

The word " children" leaves no ambiguity as to who are the remainder-men. 40 Conn., 120; 83 Ky., 481; 103 N. Y., 453.

The children of Barthenia took vested interests in the remainder at the death of the testator. The legal import of technical words is not to prevail against the manifest intention to be drawn from the whole will. 83 Va., 734; 10 Am. St. Rep., 59.

The remainder was not contingent upon the children of Barthenia surviving her. 93 N. Y., 295. The use of the words "including any and all her children," etc., was intended to extend and amplify the preceding gift so as to let in after-born children, if any should be born; for, at common law, the rule was that only children living at the testator's death would take under the designation of child or children. The construction that will embrace descendants and posterity is to be adopted in preference to the construction which excludes them.

The use of the words " to their heirs and assigns forever," shows that the testator meant to benefit not only the imme-

diate offspring of Barthenia, but the families and descendants of her children who might die before the life-estate ended. 20 N. J. L., 145; 72 N. Y., 48; 48 *Ib.*, 106. The words "equally and jointly" show that the testator intended to exclude survivorship among the children of Barthenia. 23 Barb., 299.

The construction sought for by appellees is extremely harsh, opposed to natural justice, and to the clear intention of the testator. It is settled that the word " children " may embrace grandchildren, where the will shows such intention or where such construction is necessary to effectuate the purpose of the testator. 37 N. Y., 42 ; 62 *Ib.*, 491 ; 48 *Ib.*, 106 ; 1 Bradf., 252; 4 Kent, Com., 419; 1 Cold., 253; 33 Me., 464; 79 N. Y., 246; 2 Metc., 331; 11 How. (U. S.), 329; 5 Murf., 440; 1 Sumner, 368; 8 Mass., 41; 1 Grant., 60.

*Henry Craft,* for appellees.

The word " children " cannot in this will be construed to embrace grandchildren. On this general subject, see *Hubbard* v. *Selser,* 44 Miss., 705 ; *Tucker* v. *Stites,* 39 *Ib.*, 196.

Of the immediate offspring of Barthenia, only those who survived her can take. 11 Humph., 58; 4 Sneed, 250; 7 Yerger, 606.

The devise is to the children as a class. The time of payment or distribution is fixed at a subsequent period, on the happening of a future event, and the interest vests in such persons only as at that time fall within the designated class. 1 Jarman on Wills, 295 ; 1 Roper on Legacies, 71 ; 11 Humph., 483; 2 Head, 192; 3 Sneed, 260; 1 Redf. on Wills, 385; 3 Jones, Eq., 167; 1 Tenn. Ch., 581; 4 Heisk., 54; 1 Lea, 31; 3 Pickle, 595.

The words, " and their heirs and assigns forever," did not affect the class taking the devise. 100 Mass., 345.

*Calvin Perkins,* on the same side.

The word " children " must be understood in its primary sense, its simple signification, since there is nothing in the

will to require a different construction. 84 N. Y., 516; 5 Md. Eq., 421; 3 Barb. Ch., 475; 12 B. Mon., 115; 7 Paige, 328; 9 *Ib.*, 88; 23 Hun, 260; 38 Pa. St., 478; Boone on Real Property, 342–345; 1 Ired., 166.

I refer specially to *Leigh* v. *Leigh*, 17 Beavan, 605; 2 Bro. C. C., 658; 11 Humph., 58; 2 Head, 192; 7 Yerger, 606; 1 Cooper Ch., 383; *Tucker* v. *Stites*, 39 Miss., 196.

It is apparent from the whole clause that the testator intended the children to take as a class, and that the class included only the immediate children of Barthenia living at the time of her death.

*W. P. Harris* (brief on the same side, filed by associate counsel.)

The use of the words, "and their heirs and assigns forever," is to distinguish the final gift in fee from the previous life-estate. That is the whole import of these words. The word "children" must be limited to the immediate offspring. 2 Jarman on Wills, 690; 5 Heisk., 222. There is no word or circumstance requiring the application of a different construction. 2 Williams, Executors, 734.

The word "children" cannot mean grandchildren, where there are persons who answer to the description. 5 Ired., 421; 5 Paige, 172; *Tucker* v. *Stites*, 39 Miss., 196.

By the use of the expression, "all the children," is meant any one child or more who may be living at the death of Barthenia. The doctrine contended for is too well established to need further citation of authorities. The gift is to a class of persons, and the testator has himself indicated unmistakably the time when the parties of the class are to be ascertained. It is characteristic of devises or legacies to a class, that, until the time appointed to ascertain the members thereof, their number may fluctuate. 2 Jarman on Wills, 700; 7 Paige, 544.

Campbell, C. J., delivered the opinion of the court.

Only the immediate offspring of Barthenia Guinn were entitled to take under the will, since the gift is to "*children,*"

and a broader than the primary signification of the word is not given to it by the will. Her children living at her death were the *class* designated by the will as those who were to take, "equally and jointly," at the termination of the life-estate.

*Affirmed.*