JENKINS *et al.* v. HARRIS *et al.**

(Division A.	June 2, 1924.)

[100 So. 280.	No. 24199.]

DESCENT AND DISTRIBUTION. *Statute as to descent of exempt property construed as to right of great-grandchildren.*

Section 1657, Code of 1906 (section 1389, Hemingway's Code), provides: "The property, real and personal, exempted by law from sale under execution or attachment, shall, on the death of the

husband or wife owning it, descend to the survivor of them, and the children and grandchildren of the decedent, as tenants in common, grandchildren inheriting their deceased parents' share, and if there be no children or grandchildren of the decedent, to the surviving wife or husband, and if there be no such survivor to the children and grandchildren of the deceased owner; but where the surviving husband or wife shall own a place of residence equal in value to the homestead of the decedent, and the deceased husband or wife have not surviving children or grandchildren of the last marriage, but have children or grandchildren of a former marriage, the homestead of such decedent shall not descend to the surviving husband or wife, but shall descend to the surviving children and grandchildren of the decedent by such former marriage as other property." *Held*, great-grandchildren whose parents and grandparents are dead do not inherit from a great-grandparent under said statute.

*Headnote 1. Descent and Distribution, 18 C. J., section 39 (1925 Anno.)

APPEAL from chancery court of Tallahatchie county, First District.

HON. C. L. LOMAX, Chancellor.

Suit by Mary Fannie Jenkins and others against George Harris and another. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Woods & Kuykendall*, for appellant.

The sole question involved in this cause is the construction of section 1389, Hemingway's Code, section 1657, Code of 1906, and the determination by the court of the question: Does a great grandchild inherit from the great grand-parent exempt property? We are mindful of the decisions of other courts and that there may be some conflict as to the matter and we are mindful of the cases decided by our court which will be, no doubt, cited by opposing counsel. We content ourselves with citation of the statute and in asking the court to construe it as applied to the case at bar. We are unable to find any decision of our court directly upon the question as applied to great grandchildren.

*J. A. Blount,* for appellee.

Only one question of law is presented to the court for solution. This question has never been directly decided by this court, and as the matter now stands there is some diversity of opinion as to the proper construction to be applied to the statute involved.

This property descends as is provided for under section 1389 of Hemingway's Code of Mississippi. Therefore, it is our contention under this section, that at the time of the death of the said Henry Harris, he left only two heirs, capable in law of inheriting this exempt property, his wife and his son.

Is the great grandchild an heir to any part of this land under the law of this state? This is conceded to be the only question for the court to decide in this case. It will be observed that exempt property does not descend like other property. Our general statute on descent and distribution in regard to land is section 1381, Hemingway's Code. Undoubtedly a great grandchild under this section could inherit, but in this case we are not concerned with this section of the Code.

The legislature in its wisdom has seen fit to provide a separate and distinct law for the descent of exempt property. That is section 1389 and expressly limits those who can inherit such property to husband or wife, as the case may be, children and grandchildren. Until 1900, only the surviving parent and children were named under this law. The term grandchildren did not appear therein. This court in *Peeler* v. *Peeler,* 68 Miss. 141, was appealed to, in order to have the court write the word grandchildren into it. This court refused so to do, holding that the legislature meant only those named, and did not mean grandchildren when the statute limited it to children.

After this decision was rendered and during the year of 1900 the legislature amended the law so as to include therein grandchildren, but went no further. If it had

intended to make the statute broad enough to take in great grandchildren, it would have been a very easy matter to have simply said children and their descendants, for that will be practically what the section means, if it be held that it now includes great grandchildren.

This court in *Thomas* v. *Thomas,* 97 Miss. 697, has held that the term grandchildren does not mean great grandchildren.

ANDERSON, J., delivered the opinion of the court.

This is an appeal from the chancery court of Tallahatchie county from a final decree dismissing appellants' bill. The cause was tried on bill, answer, and agreed facts. Harris owned property exempt from his debts. He died leaving a widow, one child, and a great-grandchild; the parents and grandparents of the latter having previously died. It is deemed sufficient to say that the only question involved is whether under section 1657, Code of 1906 (section 1389, Hemingway's Code), governing the descent of exempt property, a great-grandchild who has survived its parents and grand-parents will inherit from a great-grandparent. That statute is in this language:

"The property, real and personal, exempted by law from sale under execution or attachment, shall, on the death of the husband or wife owning it, descend to the survivor of them, and the children and grandchildren of the decedent, as tenants in common, grandchildren inheriting their deceased parent's share, and if there be no children or grandchildren of the decedent, to the surviving wife or husband, and if there be no such survivor to the children and grandchildren of the deceased owner; but where the surviving husband or wife shall own a place of residence equal in value to the homestead of the decedent, and the deceased husband or wife have not surviving children or grandchildren of the last marriage, but have children or grandchildren of a former marriage,

the homestead of such decedent shall not descend to the surviving husband or wife, but shall descend to the surviving children and grandchildren of the decedent by such former marriage as other property."

Prior to the amendment of said statute embodied in chapter 89, Laws of 1900, it did not contain the word "grandchildren." The amendment consisted alone in providing that grandchildren should inherit the share of their deceased parent. The case of *Peeler* v. *Peeler,* 68 Miss. 141, 8 So. 392, which arose before said amendment, involved the question of the right of grandchildren to inherit. It was held that the term "children" did not include grandchildren, and that therefore the grandchild was not entitled to inherit. The reasons for this holding of the court are ably and lucidly set out in the opinion in that case. It is therefore unnecessary to repeat those reasons here. Subsequent to that decision the legislature adopted chapter 89, Laws of 1900, which contains the amendment referred to above. The legislature saw fit to leave out great-grandchildren. For exactly the same reasons that the term "children" did not include grandchildren under the statute above before its amendment, the term "grandchildren" does not include great-grandchildren under the statute as it now stands. "Grandchildren" means the children of children, and "great-grandchildren" means children of grandchildren. For a further discussion of the meaning of the terms "children," "grandchildren," and "great-grandchildren," see *Thomas* v. *Thomas,* 97 Miss. 697, 53 So. 630. This is in accordance with the view held by the court below.

*Affirmed.*