MEYERS, et al. *v.* TEICHMAN, et al.

Feb. 1, 1954

No. 39021          51 Adv. S. 54          70 So. 2d 17

*Sillers & Roberts,* Rosedale, for appellants, Adolph Meyers, et al.

*Frank O. Wynne, Jr.,* Cleveland, for appellants, Sylvia Reidman, et al.

*Charles C. Jacobs, Jr.,* Cleveland, for appellees.

McGehee, C. J.

This is a proceeding wherein the Chancery Court of Bolivar County was asked to construe Item X of the last will and testament of Lewis Meyers, deceased, a resident citizen of that county, who died there on March 29, 1951, without leaving a wife, child or children, or descendants of a child or children.

The last will and testament of Lewis Meyers was made, published, and declared on September 20, 1944.

Item I of the will provided for the payment of the debts of the testator.

Item II provided for the sale by the executor, at public or private sale, of all property, real, personal and mixed, of which he died seized and possessed, except such as was otherwise specifically devised or bequeathed to named beneficiaries in the will, and for the proceeds of the sale to be paid into the corpus of the estate and distributed as provided for by the terms of the will.

Item III gives and bequeaths the sum of $1,000 to the National Jewish Hospital and a like sum to the Jewish Consumptive Relief Society, both of Denver, Colorado; and $500 to the National Home for Jewish Children of Denver, Colorado, and a like amount to the Jewish Childrens Home at New Orleans, Louisiana.

Item IV gives and bequeaths to the "colored friends and servants" of the testator, $100 each to Swanee Jackson and Imonia Richardson, and the said Item IV gives and bequeaths unto Rosa Belle Richardson the sum of $1,000, and to Louise Gaines, Monia Bell Pleasant and Oscar Edmonds, Jr., the sum of $100 each.

Item V gives and bequeaths unto "my friend and servant," Louise Gaines, all of the household furniture, fixtures and other items of personal property in the home of the testator.

Item VI gives and bequeaths unto Sophia Meyers, a solitaire three carat diamond ring, to Hanah Simon a solitaire two carat diamond ring, to Goldina Hassell a solitaire two carat diamond ring and to Lena Teichman a solitarie one and five-eighths carat diamond ring, referring to the said donees as nieces of the testator. This item further provides that all of the other jewelry of the testator is to be disposed of as provided in Item II of the will.

Item VII gives and bequeaths unto each of the following nieces and nephew the sum of $8,000, to-wit: Edward Teichman, Max Teichman, Miss Lena Teichman, all of Chicago, Illinois, and Mrs. A. Schoenberger of Lansford, Pennsylvania.

Item VIII gives and bequeaths unto Mrs. Nora K. Kaufman of Rosedale, Mississippi, "the sum of One Thousand Dollars in cash."

Item IX gives and bequeaths unto the said Mrs. Nora K. Kaufman an additional sum of $2,000 with which to take care of two dogs of the testator and authorizes her to pay from the said sum unto Imonia Richardson and Louise Gaines each the sum of $10 per month as com-

pensation to them for giving his dogs proper care and attention, and $15 per month to each of these persons with which to provide food for the dogs, and further provides that Mrs. Kaufman shall receive from the estate $25 per month during the life of the dogs or either of them, and that if any of the said $2,000 should then remain, the same is to be paid to the executor as a part of the residue of his estate.

Item X provides, as follows: "After all of the above special legacies, bequests and devises hereinabove provided for have been paid or otherwise complied with as directed by this Will, and after all taxes, court costs and other expenses of executing this Will and the administration of my estate have been paid, or set aside for payment, it is my Will and I do direct that all the residue of my estate be distributed as follows: One Tenth of such residue shall be paid, in equal parts, to my brothers and sisters who, at the time this Will is executed, were residing in Slovakia, as follows:

"To my brothers:

"Chill Majerovics

"Herman Majerovics

"To my sisters

"Mollie Teichman

"Sarah Reidman

"Should either of my said brothers or sisters be dead at the time of my death, then the share of such brother or sister shall go to the surviving child or children of such brother or sister living at the time of my death. Should either of my brothers or sisters have died before my death and have left no children, then the share of such deceased brother or sister shall go to the surviving brothers and sisters in equal parts."

Item XI gives and bequeaths nine-tenths of the residue of the estate to the following nieces and nephews, share and share alike, to-wit: Adolph Meyers, Max Meyers, Sophia Meyers, Goldina Hassell, all of Blytheville, Arkansas, and Hanah Simon of Truman, Arkansas.

Item XII appoints Adolph Meyers of Blytheville, Arkansas, as executor of the will.

We have set forth the substance of each item of the will, except Item X, which is hereinbefore copied in full, in order that we may comment on the other items to the extent that we think they may have some bearing on the intention of the testator as to what he was undertaking to do in Item X thereof, in answer to the argument of counsel on behalf of Sylvia Reidman, the granddaughter of Sarah Reidman, mentioned in Item X of the will, wherein it is contended that the words "child or children," as used in Item X, was intended to include Sylvia Reidman, the grandchild of Sarah Reidman.

The case was submitted to the chancellor on the pleadings, a copy of the last will and testament in question, and an agreed statement of facts, which reads, after omitting the formal parts, as follows:

"1. It is agreed that Adolph Meyers, Max Meyers, Sophia Meyers, Goldine Hassell and Hanah Simon are all of the sons and daughters of Joe Meyers, deceased, who was a brother of Lewis Meyers, deceased, and that said parties are nieces and nephews of Lewis Meyers, deceased. That Joe Meyers died prior to Lewis Meyers, the testator herein.

"2. That Rosala Majerovics Bezikova is the daughter and only child of Chill Majerovics, deceased, a brother of Lewis Meyers, deceased, who died in the year 1942, prior to the time of testator's death.

"3. That Yakob Majerovics (Jacob Majerivics) is a son of Herman Majerovics, brother of deceased, Lewis Meyers, said Herman Majerovics having died, in the year 1942, prior to testator.

"4. That Edward Teichman, Max Teichman, Armein Teichman, Lena Teichman, and Mrs. A. Schoenberger are the sons and daughters of Mollie Teichman, deceased, sister of testator, who died during the year 1944, and prior to the death of the testator herein.

"5. That Sylvia Reidman is the daughter and only child of Henry Reidman, who died in Blytheville, Mississippi County, Arkansas, on October 5, 1943. That Henry Reidman was the only son and only child of Sarah Reidman, sister of Lewis Meyers, the said Sarah Reidman having died in a Nazi Concentration Camp in Germany some time in 1944, and prior to the death of the testator herein.

"6. That the copy of the will of Lewis Meyers as annexed hereto is a true and correct copy of his last will and testament, and was admitted to probate in said court by order dated April 3, 1951. That said testator died on March 29, 1951. That said last will and testament was executed by Lewis Meyers on September 20, 1944.

"7. That Lewis Meyers was approximately 84 years of age at the time of his death and approximately 77 years of age at the time of execution of his will. That Sarah Reidman, sister of Lewis Meyers, was over the age of 71 years in September, 1944, at the time the will of Lewis Meyers was executed. That Lewis Meyers had knowledge of the fact that Henry Reidman was the only son of Sarah Reidman, and of the fact that Henry Reidman was dead at the time said will was executed in September, 1944. That Lewis Meyers knew of the existence of his great-niece, Sylvia Reidman at the time his will was executed.

"8. It is agreed that Item 'X' of the last will and testament of deceased is the only item of the will presenting questions to be decided by the Court and that all questions arise as to the share of Sarah Reidman under said Item 'X.' That the shares of Mollie Teichman, Chill Majerovics and Herman Majerovics are not disputed and may be disbursed by the executor at any time.

"The questions presented to the Court in this matter are as follows:

"1. Does Sylvia Reidman, as the grandchild of Sarah Reidman, take the share bequeathed to Sarah Reidman

'or her child or children' under Item 'X,' said last will and testament?

"2. If question No. 1 is answered in the negative, then do the children of Mollie Teichman (five in all) and the child of Chill Majerovics and the child of Jacob Majerovics take the share of Sarah Reidman, share and share alike, which would be one-seventh to each child?

"3. If questions 1 and 2 are both answered in the negative and the Court holds that the share of Sarah Reidman descends to Lewis Meyers' heirs at law, do the nieces and nephews of said Lewis Meyers take their share per capita, with Sylvia Reidman taking her deceased parent, Henry Reidman's, share, or do said nieces and nephews take the shares of their respective parents, by representation?"

The trial court ordered and adjudged in its final decree: (1) that the term child or children as used in Item X of the will did not include a grandchild, and that therefore Sylvia Reidman does not take the share of Sarah Reidman; (2) that the share of Sarah Reidman, who died without leaving a child or children surviving her, under the chancellor's view as to whom the term "child or children" would include, did not lapse, but that this share went to the children of Mollie Teichman, Chill Majerovics and Herman Majerovics, share and share alike, that is to say per capita, it having been agreed as aforesaid that the three persons last above named as well as Sarah Reidman predeceased the testator, some prior to the execution of the will, and that Mollie Teichman left surviving her and the testator five children, whereas Chill Majerovics and Herman Majerovics only left one child each surviving them respectively, and also surviving the testator; and (3) the executor of the estate of Louis Meyers, deceased, was directed to distribute the estate under the terms of the will, including Item X thereof, as thus construed by the trial court.

We are of the opinion that under the cases hereinafter cited the trial court was correct in holding that

under Item X of the will, the term "child or children" did not include Sylvia Reidman, the grandchild of Sarah Reidman; that therefore Sylvia Reidman did not take the share of her grandmother Sarah Reidman, but that under the law hereinafter discussed the bequest to Sarah Reidman lapsed and should be distributed among all of the heirs-at-law of Lewis Meyers, deceased, as intestate property in the manner provided for in the Code Chapter of 1942 on Descent and Distribution, Sec. 468; that the bequest to Chill Majerovics, Herman Majerovics, Mollie Teichman and Sarah Teichman under Item X of the will was a bequest to them as individuals under the previous decisions of this Court, and not to them as a class; that since it happened that upon the death of Sarah Reidman, prior to the death of the testator, she left no child or children of her own surviving her, and had no brothers or sisters living at the time of the death of the testator, there was no living brother or sister to take her share at the death of the testator; the same necessarily lapsed because the will failed to provide that her share go to the children of her two brothers or other sister in the event Sarah and her two brothers and sister should die before the testator, as was true in this case.

But we are unable to agree that the decree appealed from is correct wherein it held that even though the term "child or children" did not include Sylvia Reidman as a grandchild of Sarah Reidman, the share of Sarah Reidman under Item X of the will would have gone to the children of her two brothers and sister in "Slovakia" at the death of the testator, either per capita or *per stirpes*.

The *exact* order in time of the death of the two brothers and two sisters of the testator in Slovakia is neither shown nor stipulated in the record, but it is conceded that Sarah Reidman had died prior to the execution of the will, whether known to the testator or not, and that he knew at that time that her only child, Henry Reidman, had died in Blytheville, Arkansas, in 1943, prior to the execution of the will, and knew that Sylvia Reidman was

the only child of Henry Reidman, deceased; and it is clearly shown by the agreed statement of facts as to dates that although Sarah Reidman died prior to the death of the testator neither of the two brothers nor the sister in Slovakia were living at the death of the testator to take the share of Sarah under the provisions of Item X of the will, ▮▮▮ since only those persons who might be living at the time of the death of a testator can be beneficiaries under a will.

Therefore, when we consider the statement in Item X of the will, which reads, "Should either of my brothers or sisters have died before my death and have left no children, then the share of such deceased brother or sister shall go to the surviving brothers and sisters in equal parts," it becomes necessary that we hold that the share of Sarah Reidman, who died in a Nazi concentration camp in April, 1944, in the lifetime of the testator, and left no child or children surviving her, because her only child, Henry Reidman, had died on October 5, 1943, in Blytheville, Arkansas, and Sarah Reidman had left no *surviving* brothers or sisters who were living at the time of the death of the testator, became a lapsed bequest, the will not having provided otherwise.

The foregoing construction is supported by the following authorities. Alexander's Commentaries on Wills, Vol. II, Sec. 749, p. 1092, Secs. 770-771, p. 1117; 57 Am. Jur., Sec. 1425, p. 956, Sec. 1428, p. 958.

▮▮▮ In support of our construction that the bequest to the two brothers and two sisters of the testator who were then supposed by him to be then living in "Slovakia," and who were designated by name in the bequest of the one-tenth of the residue of the estate, was a gift to individuals, share and share alike, and not one to a class, we cite the cases of Byrd v. Wallis, 182 Miss. 499, 181 So. 727; Cross, et al. v. O'Cavanagh, et al., 198 Miss. 137, 21 So. 2d 473; Marx, et al. v. Hale, et al., 131 Miss. 290, 95 So. 441; and Clark v. Case, 207 Miss. 163, 42 So. 2d 109.

Finally, we hold in responding more in detail to the contention of Sylvia Reidman, the only child of Henry Reidman, deceased, and the granddaughter of Sarah Reidman, that the share of her grandmother did not lapse, but should go to her as a child of Sarah Reidman within the meaning and intention of the testator in Item X of the will, that there are no words or statements contained in the entire will that would indicate that the testator used the term "children" in any other sense than the ordinary and usual acceptation of that term. The view that he did not intend to provide in the will for a grandniece is strengthened by a consideration of the provisions of the instrument as a whole.

We set forth in the forefront of this opinion the various bequests mentioned in Items III to IX, inclusive, and in Item XI of the will in order that we may refer to those items at this point in the opinion to show that although the record discloses that at the time of the execution of the will, the testator had previously visited the nephew, Henry Reidman, prior to his death at Blytheville, Arkansas, and was, of course, acquainted with Henry's only child, Sylvia Reidman, he made specific bequests of valuable jewelry and sums of money to all of his nieces and nephews who were living in America, and made specific bequests to servants and personal friends all by name, but wholly failed in the entire will to make any reference to his grandniece, Sylvia Reidman, who resided in the same city where some of these donees were stated in the will to be then residing. ■■■ Nor, as a matter of common knowledge, is it strange for a testator having no wife, children or grandchildren of his own, not to go further than to provide for his brothers and sisters and the children of any deceased brother or sister, meaning by "children," the offspring of a brother or sister in the first degree.

■■■ This Court has held repeatedly that the term "children," when used in a will or statute, means off-

spring in the first degree, in the cases of Peeler v. Peeler, 68 Miss. 141, 8 So. 392; Ward v. Cooper, 69 Miss. 789, 13 So. 827; Thomas v. Thomas, 97 Miss. 697, 53 So. 630; Jenkins v. Harris, 135 Miss. 457, 100 So. 280.

Moreover, the texts, and decisions from other jurisdictions, cited in the brief of counsel for the appellant, Sylvia Reidman, recognize that it is generally held that the term "children" does not include grandchildren except under exceptional circumstances, or unless the language used by the testator clearly indicates that an enlarged construction of the term is intended. It is true that Thompson on Wills, 2d Ed., Par. 276; Mowatt v. Carow, et al., 32 Am. Dec. 641; and In Re Estate of Schedel, Deceased, 73 Cal. 594, 15 P. 297, cited by the appellant, Sylvia Reidman, and other decisions, recognize that the enlarged construction should be given under certain circumstances to prevent a provision of the will from becoming inoperative and to prevent disinheritance of relatives in certain cases. But no case decided by our Court has been called to our attention wherein it has ever enlarged the term "children" to include grandchildren when used in a will.

We have hereinbefore set forth our conclusion as to what disposition should be made of the share of Sarah Reidman, and have stated that in our opinion this share has lapsed and should descend to all of the heirs-at-law of the testator as intestate property in the manner provided for by Sec. 468, Code of 1942, on Descent and Distribution. The decision appealed from will therefore be affirmed insofar as it holds that the term "children" does not include grandchildren under Item X of the will, but is reversed wherein it holds that the bequest to Sarah Reidman did not lapse and should be distributed among the children of Mollie Teichman, Chill Majerovics (Majerivics), and Herman Majerovics (Majerivics), alone, share and share alike, instead of going to all of the heirs-

at-law of the testator in the manner provided for under the statute above referred to.

Affirmed in part, reversed in part, and remanded.

All Justices concur, except *Gillespie, J.*, who took no part.