222 So.2d 670 (1969)
James J. BRIDGFORTH et al.
v.
Nelle B. GRAY et al.
No. 45351.
Supreme Court of Mississippi.
May 12, 1969.
*671 L.G. Fant, Jr., Holly Springs, for appellants.
McClure, Fant & McClure, Sardis, F.C. Holmes, Jr., Hernando, for appellees.
ETHRIDGE, Chief Justice:
This case involves the interpretation of an executory interest created by a deed executed in 1909. In that year, T.O. Bridgforth conveyed to his daughter, Mrs. Elizabeth Dickens, certain lands in DeSoto County, Mississippi. He reserved to himself a life estate and then provided:
* * * at and after the death of the said T.O. Bridgforth his said daughter, the said Mrs. Elizabeth Dickens as mentioned herein, is to have and to occupy said land and at the death of the said Mrs. Elizabeth Dickens the said daughter of the said T.O. Bridgforth, if she die without bodily issue, said lands to descend equally to the other children of the said T.O. Bridgforth as though this the foregoing deed had not been made.
T.O. Bridgforth was a widower, with three living children: Mrs. Dickens, the donee in the deed, Mrs. Mariah B. Wilson, and Mrs. Nelle B. Gray. His prospective heirs on that date were these three daughters; the only child of David Thomas Bridgforth, a deceased son, being David O. Bridgforth; and the seven children of William Byrd Bridgforth, another deceased son.
T.O. Bridgforth died in 1910 without any change in his family status. Mrs. Dickens died in 1957 without bodily issue. Mrs. Wilson and Mrs. Gray both survived Mrs. Dickens. In April 1957, by deed of gift, Mrs. Wilson and Mrs. Gray conveyed a one-third interest in the land to the descendants of William Byrd Bridgforth.
David O. Bridgforth, a grandchild of T.O. Bridgforth, died leaving eight children *672 as his heirs, and in December 1966, these eight children, the appellants, filed in the Chancery Court of DeSoto County a bill to remove clouds from their alleged one-fourth interest in the land and for a partition by sale. James J. Bridgforth and others, complainants-appellants, asserted that under the terms of the deed they (as heirs of their deceased father, David O. Bridgforth) became the owners of a one-fourth interest when Mrs. Dickens died without bodily issue; that their father came within the phrase "other children" of T.O. Bridgforth; and that the phrases "descend equally" and "as though this the foregoing deed had not been made" evidence the grantor's intent, upon Mrs. Dickens' dying without issue, to give the land to his lineal descendants per stirpes.
On the same day in 1909 when this deed was made, T.O. Bridgforth executed four other deeds of gift, to Mrs. Gray, his grandchildren, David O. Bridgforth, and Mrs. Wilson. After his death, all of these deeds, including the one involved in the present suit, were attacked but were held to be valid and not testamentary in nature. Wilson v. Bridgforth, 108 Miss. 199, 66 So. 524 (1914).
The chancery court dismissed the present bill of complaint. It confirmed, on cross-bill, title in appellees. The court held: The word "children" means offspring in the first degree. The deed was not ambiguous, but nevertheless, if considered, the other deeds do not affect interpretation of the deed to Mrs. Dickens. The grantor intended for his living daughters of the first degree, his immediate children, to have the land if Mrs. Dickens died without issue. The word "descend" did not change that intent. The "as though" clause indicated that Mrs. Dickens could not devise the property and it would not go to her heirs if she died without issue.
We agree with the chancellor's construction of this instrument. The estate in question is an executory interest. Grantor conveyed the land to his daughter and reserved a life estate in himself. If she had bodily issue, she owned a freehold estate. If she died without bodily issue, on the happening of that event, the estate vested in the holder of the executory interest. It was not vested until that time. So long as an executory interest remains a future interest, it is non-vested. It must vest in some person other than its creator. It vests in derogation of a vested freehold estate and not at the termination of a freehold estate. And, finally, on the happening of the condition or event, it becomes a present interest automatically, with no entry or election being necessary. Hemphill v. Miss. State Highway Com., 245 Miss. 33, 145 So.2d 455 (1962), noted in 34 Miss. L.J. 346 (1963); Simes & Smith, The Law of Future Interests, § 221 (2d ed. 1956); 1 American Law of Property, §§ 4.53-4.58 (1952).
The clause in issue provides that if Mrs. Dickens dies without bodily issue, "said lands to descend equally to the other children" of grantor. The primary meaning assigned to the word "children" means the children of the grantor's body in the first degree. It does not include grandchildren. A limitation in favor of the "children" of a designated person excludes all descendants of such person more remote than those of the first generation, unless the conveyor effectively manifests an intent to benefit other takers. 3 Restatement of Property § 285 (1940). In short, the word "children" is used generally to describe a group of transferees exclusive of grandchildren and other lineal descendants. 1 American Law of Property §§ 22.30, 22.31, 22.3 (1952). Simes & Smith state that "the cases are substantially unanimous in holding that the normal meaning (of the word `children') is the immediate offspring." Simes & Smith, The Law of Future Interests, § 722 (2d ed. 1956). Mississippi has consistently followed this interpretation for over a century. Meyers v. Teichman, 219 Miss. 860, 70 So.2d 17 (1954); Thomas v. Thomas, 97 Miss. 697, 53 So. 630 (1910); Ward v. Cooper, 69 Miss. 789, 13 So. 827 (1892); Peeler v. Peeler, 68 Miss. 141, 8 So. 392 (1890); *673 Tate v. Townsend, 61 Miss. 316 (1883); Cannon v. Barry, 59 Miss. 289 (1881).
Further, the word "descend" in a will or deed has been construed to mean "go" or "belong." Tate v. Townsend, supra; Tucker v. Stites, 39 Miss. 196 (1860).
In the context of the present deed, we think that the word "descend" is the equivalent of "go" or "belong." The phrase "the other children of the said T.O. Bridgforth" reflects an intent to exclude from possible takers all descendants of the grantor more remote than those of the first generation. His children in the first degree, namely, Mrs. Wilson and Mrs. Gray, are effectively designated by this phrase.
The last clause, "as though this the foregoing deed had not been made," does not effectively manifest an intent by the grantor sufficient to negative the otherwise clearly expressed purpose to convey the property to his living children. The only part of the deed which might tend to indicate an intent contrary to vesting the executory interest in grantor's two living daughters, if Mrs. Dickens died without issue, is this "as though" clause. Yet when evaluated against the effects of the other provisions, it cannot control the identity of the takers at Mrs. Dickens' death without issue. If it did, the words "to descend equally to the other children of the said T.O. Bridgforth" would not be given adequate effect. Yet these are the significant words in the gift. Moreover, the phrase "the foregoing deed" refers, we think, to the determinable fee granted to Mrs. Dickens. The "as though" clause describes the effect of Mrs. Dickens dying without issue. It negatives any right of her husband to the land, either by will or inheritance. This interpretation is consistent with the decisions of this Court interpreting the words "children" and "descend," with the apparent intention of the grantor, and gives effect to all of the terms of the gift. Since the deed is subject to reasonable interpretation by its own terms, the other four deeds executed by T.O. Bridgforth on the same date are not relevant evidence. Even if they were, they would not be of any definitive assistance in construction of the deed in question.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.