TINDELL, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 31. It is said that all good things must come to an end. In this case, it is time for a bad thing to come to an end.
 
 [8]
 
 I agree with the majority's finding that no abuse of discretion arose from the chancellor's denial of Claire's Rule 15(a) motion to amend. However, I disagree with the majority's finding that the chancellor erred by denying Claire and Jane's request for an accounting of the estate and testamentary trust of their mother, Brenda. Because I would affirm the chancellor's judgment bringing this case to an end, I concur in part and dissent in part from the majority's opinion.
 

 ¶ 32. I do not find
 
 Hemphill v. Mississippi State Highway Commission
 
 ,
 
 245 Miss. 33
 
 ,
 
 145 So.2d 455
 
 (1962), a case heavily relied upon by the majority, to be determinative of or applicable to the present case. In
 
 Hemphill
 
 , the discussion of the future executory interests centered entirely on the constitutional guaranty of protection from governmental taking of and damage to real property without compensation.
 

 Id.
 

 at 37
 
 ,
 
 145 So.2d at 457
 
 . To ensure protection of that constitutional guaranty, the court therein focused on the potential for a compensable interest in property to those holding any and all "future interests, whether 'vested or not.' "
 

 Id.
 

 at 48
 
 ,
 
 145 So.2d at 462
 
 . The appellants' standing question in
 
 Hemphill
 
 was grounded in that particular and limited executory interest and determined by the appellants' legal right to compensation for governmental taking of and damage to lands without compensation as provided in Article 3, Section 17 of the Mississippi Constitution.
 

 Id.
 

 at 37-48
 
 ,
 
 145 So.2d at 457-62
 
 .
 

 ¶ 33. Unlike
 
 Hemphill
 
 , Claire's accounting request infringes upon no constitutional right of any party with any future, shifting, contingent, remainder, or other
 interest. And, as stated by the majority, "[a]n individual's legal interest or entitlement to assert a claim against a defendant must be grounded in some legal right recognized by law, whether by statute or by common law." Maj. Op. at (¶ 16) (quoting
 
 SASS Muni-V LLC v. DeSoto Cty.
 
 ,
 
 170 So.3d 441
 
 , 446 (¶ 13) (Miss. 2015) ) (internal citations and quotation marks omitted). The present case does not involve the legal right at issue in
 
 Hemphill
 
 , one recognized by law and set forth in Article 3, Section 17 of the Mississippi Constitution. The "vested or not" status of the shifting executory interests is an important distinction that must be considered. And furthermore, unlike the majority, I find that the sisters' executory interest has never vested.
 

 ¶ 34. Brenda's will named D.A. the income beneficiary of her testamentary trust. At either D.A.'s death or his thirtieth birthday, the trust's principal was to be evenly divided between D.A. and Knox "per stirpes to include adopted children." The will then discussed the disbursement of trust assets to beneficiaries who were under twenty-one years old when the trust terminated or who died before the trust's termination. Finally, the will provided:
 

 If there are no surviving beneficiaries, descendants of deceased former beneficiaries, former beneficiaries who are living, or descendants of deceased former beneficiaries, then his or her interest shall be distributed share and share alike to the [c]onservatorships for [Brenda's] two daughters[, Claire and Jane;] should either one or both of them not have a [c]onservatorship at the termination of this trust[,] then distribute their portion outright to them.
 

 ¶ 35. The will established that the trust assets vested in D.A. and Knox. Their interests shifted to the sisters only after the natural termination of D.A. and Knox's estate and only if D.A. and Knox died with no descendants. Based upon this reading of Brenda's will, I agree with the majority that Brenda provided the sisters with a shifting executory interest in her testamentary trust. However, unlike the majority, I find that the language of Brenda's will gave the sisters a purely executory interest that has not become possessory. Their shifting executory interest remains unvested and, as a result, they lack standing necessary to demand an accounting of their mother's trust.
 
 See
 

 Bridgforth v. Gray
 
 ,
 
 222 So.2d 670
 
 , 672 (Miss. 1969) ("So long as an executory interest remains a future interest, it is non-vested.").
 
 See also
 
 31 C.J.S.
 
 Estates
 
 § 144 (2017) (recognizing that executory interests remain unvested until they become possessory).
 

 ¶ 36. As a result, I would therefore affirm the chancellor's judgment that the sisters lack standing to request an accounting. Accordingly, I concur in part and dissent in part from the majority's opinion.
 

 WILSON, J., JOINS THIS OPINION.
 

 The estate has been open for over ten years. After voluminous pleadings by the Appellants, the assets of the estate have been depleted to a point that the trust cannot even be funded.