CHARLES H. FISKE *vs.* BENJAMIN EDDY & others.

Suffolk.    March 30, 1888. — May 8, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Devise — Trust — Income — Residue — Heir at Law.*

A testator gave four estates to trustees, who were to pay the net income of two estates to two sons, whose financial ability he seemed to doubt, "during their joint lives, one half to each, and to the survivor during his life," the income of the other two estates to his wife during her life, and, at her death, the income of the four estates to the two sons, "one half to each during their joint lives, and upon the decease of either" during the life of a third son, "then to pay one fourth part of said net income of said four estates . . . during the life of the survivor" to the third son, "and the other three fourths to the said survivor so long as both he" and the third son should live. The fee of the estates was given to the issue of the two sons, or of the survivor if either should die without issue, and, if neither should leave issue, to the testator's "then heirs at law"; any unexpended income of the trust fund, at the death of either of the two sons, was to be disposed of as he should appoint, otherwise it was to be applied to the benefit of the survivor, his family or children ; and the residue of the estate was given to the third son. *Held,* that the survivor of the two sons, the wife and the third son having died, was entitled to the whole of the income of the trust fund during his life.

BILL IN EQUITY, filed September 22, 1887, by the trustee under the will of Caleb Eddy, for instructions as to the disposition of the income of a trust fund. The bill alleged that Caleb Eddy made a will, dated October 9, 1858, which, after gifts to his wife, Caroline Eddy, and to his son, Robert H. Eddy, contained the following provisions, which are alone material.

" I give, bequeath, and devise my two dwelling-house estates in said Boston numbered respectively twenty-four and twenty-six on Harrison Avenue, the same purchased of Walter Bryant, also my two dwelling-house estates numbered respectively seventeen and nineteen on Green Street in said Boston, with the appurtenances thereto belonging, to Francis A. Brooks of said Boston and Robert E. Bemis of said Chicopee and to the survivor of them, their heirs, successors, and assigns, or to such one of them as shall accept this trust, his heirs and assigns, but in special confidence to hold, manage, and dispose of the same upon the trusts and for the purposes following, that is to say, to lease, demise, and let the same, keeping them in proper repair, insured against fire, and in good tenantable order, improving or rebuilding if necessary so as to realize the largest income therefrom, to collect and receive the rents or income thereof, and after paying and defraying all taxes, assessments, insurance, repairs, and other charges and expenses whatsoever, including a proper compensation for their own services, to apply and pay the residue, or net rents, income, and profits thereof, as follows, viz.: the net income of estates numbered twenty-four and twenty-six on Harrison Avenue, semi-annually or oftener, to my sons Benjamin and Albert M. during their joint lives, one half to each and to the survivor during his life.

" The net income of estates numbered seventeen and nineteen on Green Street, semiannually or oftener, to my said wife, Caroline, for her use and benefit during her life, the same together with the preceding bequest herein to my said wife to be in lieu of her dower in my estate : and in further trust, upon and after the decease of my said wife, whether she shall survive me or not, semiannually or oftener, to pay the net income as aforesaid of said estates both on Green Street and on Harrison Avenue to my sons Benjamin and Albert M., (unless the said trustees or trustee, their or his successors or successor in said trust, shall, in pursuance of the provisions hereinafter contained, deem it expedient or proper to reserve and withhold said payments or some part thereof,) said net income, unless so withheld, to be paid one half to each during their joint lives; and upon the decease of either the said Benjamin or the said Albert M.

leaving no lawful issue during the life of the said Robert H., then to pay one fourth part of said net income of said four estates on Green Street and Harrison Avenue, during the life of the survivor, to my said son Robert H., and the other three fourths to the said survivor so long as both he and said Robert H. shall live.

" Provided, however, that in case of and upon the death of the said Benjamin and Albert M., or either of them, leaving lawful issue, my will is that the said four estates on Green Street and Harrison Avenue go to such lawful issue in fee as follows, viz.: one half thereof to the issue of the said Benjamin and one half thereof to the issue of the said Albert M., said halves or half to become vested in such issue immediately upon the decease of the fathers respectively; and that, in case either the said sons Benjamin or Albert M. first dying shall leave no such issue at his decease, the whole of said four estates shall, upon the decease of the survivor leaving lawful issue, go to such issue in equal shares; and I direct that the said trustees or trustee for the time being make such partition and division of said estates, and execute such deeds of conveyance thereof, as may be equitable and proper to carry out this devise, and to vest in such issue a title in fee in said estates, or in the portion thereof herein given to them as above, whenever such issue shall become entitled thereto.

" And upon the decease of my said wife and both my said sons Benjamin and Albert M., neither leaving lawful issue, my will is that the said four estates on Green Street and Harrison Avenue go to my then heirs at law.

" In case my said wife shall elect to waive the provisions in her favor in this will contained, and shall claim and hold her dower in my real estate, I direct that the said trustees or their successors or successor in said trust shall during the life of my said wife pay the net income of said estates on Green Street subject to such dower to my son Robert H., for his own use, instead of to my said wife as hereinabove provided.

" And I further direct, that if, in the opinion of the said trustees, their successors or successor, or him or them acting as such, it shall not be expedient or for the interest of my said sons Benjamin and Albert M., or either of them, that said income hereinabove given to them should be paid over to them or either

of them in whole or in part as above, or if the benefit thereof if so paid over would not be realized by them as herein intended by me, then said trustees, or the one of them or he or they acting as such, may in their or his discretion retain, reserve, and withhold said income or part thereof from them or either of them, and hold, appropriate, or apply the amount so withheld in such manner as in their or his judgment shall be most for the advantage of him or them respectively whose share is so withheld, or in providing for the support and maintenance of them or either of them, their or his family or children.

" And my will is that the income above given to said Benjamin and Albert M. shall not be liable to be aliened, sold, attached, mortgaged, or incumbered, but shall be devoted by said trustees to the personal use and benefit of said Benjamin and Albert M., or one of them, their or his respective families or children ; and if any such income shall remain in the hands of the said trustees or their successors unexpended at the decease of said Benjamin or Albert M., leaving no issue, the same shall be disposed of in such manner as the said Benjamin or Albert M. shall in writing appoint ; and in default of such appointment it shall be applied for the benefit of the survivor, his family or children.

" The said trustees above named, their successors or successor, or he or they acting as such, are hereby authorized and empowered, if they think it advisable at any time, to sell and dispose of and convey the real estate and other property devised to or held by them in trust, . . . the net proceeds or avails thereof to be held, applied, and appropriated upon the trusts and in the manner herein provided concerning the original property herein devised. . . .

" My paintings, family portraits, and other pictures, as also the residue of my estate both real and personal, I give, bequeath, and devise to my son Robert H. Eddy, his heirs and assigns, for his own use."

The bill also alleged that Caleb Eddy died on February 22, 1859, leaving his wife and three sons then living, but no other issue or heirs at law ; that this will was duly admitted to probate in March, 1859; that the trustees named in the will were duly appointed and continued to act as such until the resigna-

tion of the survivor of them on December 8, 1880, when the plaintiff was duly appointed trustee under the will; that Albert M. Eddy died on December 1, 1860, leaving no issue; that the testator's wife, Caroline Eddy, died on May 28, 1862, never having waived the provisions of the will; that Robert H. Eddy, who died on May 13, 1887, by his will, after bequests to his wife, Annie G. Eddy, and to his brother, Benjamin Eddy, gave the residue of his estate to trustees, of whom Charles U. Cotting was the survivor, to pay the income to her for life, and at her death to pay the principal to certain persons, and named Cotting and the plaintiff as executors thereof; and that Benjamin Eddy was the sole survivor of those named in the will of Caleb Eddy, and had three children living, all of full age.

The bill further alleged, that the plaintiff, as trustee under the will of Caleb Eddy, held, as the principal of the trust fund thereby created, the two estates on Harrison Avenue, and the proceeds of the two estates on Green Street, which were duly sold by one of the former trustees; that the plaintiff had collected and still had in his hands the income of such trust fund which had accrued since the death of Robert H. Eddy; and that Benjamin Eddy contended that the whole of the income of the trust fund should be paid to him during his life.

The answers admitted the allegations of the bill. The bill was taken as confessed against the remainder-men under the will of Robert H. Eddy.

Hearing before *Devens, J.,* who reserved the case for the consideration of the full court.

*E. H. Bennett,* for Benjamin Eddy.

*A. Fiske,* for Annie G. Eddy.

*F. C. Welch,* for Cotting.

DEVENS, J. The will of Caleb Eddy gives " the net income of estates numbered twenty-four and twenty-six on Harrison Avenue, semiannually or oftener, to my sons Benjamin and Albert M., during their joint lives, one half to each and to the survivor during his life." The testator then gives the income of the estates numbered seventeen and eighteen Green Street to his wife, who is now deceased, " and in further trust upon and after the decease of my said wife, whether she shall survive me or not, semiannually or oftener, to pay the net

income as aforesaid of said estates, both on Green Street and on Harrison Avenue, to my sons Benjamin and Albert M., . . . said net income . . . to be paid one half to each during their joint lives, and upon the decease of either the said Benjamin or the said Albert M., leaving no lawful issue, during the life of the said Robert H." (who was another son of the testator), " then to pay one fourth part of said net income of said four estates on Green Street and Harrison Avenue during the life of the survivor to my said son Robert H., and the other three fourths to the said survivor so long as both he and said Robert H. shall live."

Robert H. is, under the will, the residuary devisee and legatee of all the testator's property which is not specifically disposed of. Benjamin is still living, and the instruction requested relates to the disposition during his life of the income from these estates, Robert H. having now deceased. That at the decease of Benjamin his children will have the fee in them is not controverted. A subsequent clause of the will gives this to the issue of the survivor of Benjamin and Albert M., if one should die without issue, and if neither should leave issue, then to go to the testator's " then heirs at law." Albert M. died without issue, but Benjamin has three children living, who are now all of full age.

On behalf of Annie G. Eddy, the widow of Robert H., representing the estate of her late husband, it is contended that she is now entitled to the whole income from these four estates, or in any event to one fourth thereof, until the death of Benjamin, by virtue of the residuary clause in the testator's will. After the death of Albert M., and during the life of Robert H., this income had been divided between Robert H. and Benjamin in the proportion of one fourth and three fourths. The inquiry is now, What is to be done with the income of the trust estates after Robert's death, and during Benjamin's life? The income of the Harrison Avenue estates was, in express terms, given to the survivor of Albert M. and Benjamin for life. To maintain the larger contention of Mrs. Eddy, it would be necessary to hold that this was taken away by the subsequent clause. This would be to extend the meaning of the latter more than can fairly be done.

Disregarding, for the moment, the provision as to the receipt of one fourth of the income by Robert H. in the event of the decease of one of his brothers before the other without issue, if the provision as to the Harrison Avenue estates had terminated with the words which provide for the payment of the income of both the Green Street and Harrison Avenue estates to Albert M. and Benjamin, during their joint lives, it would be reasonably clear that the survivor was to take the income of all these estates. In dealing with the Green Street estates, it was necessary to mention them separately, because the testator desired to appropriate the income from them to his widow during her life. Having done this, he proceeds to give the income subsequent to her decease to these two sons during their joint lives. He does not here add " and to the survivor during his life," but the connection into which he has brought those estates with the Harrison Avenue estates, and the subsequent disposition of the four estates in fee to the issue of these two sons, or of that one who shall have issue, and the provision which is found in the will subsequently, that any income not expended at the decease of either shall be disposed of as he shall appoint, and " in default of such appointment it shall be applied for the benefit of the survivor, his family or children," show that these four estates were set apart from the rest of his property for the benefit of these sons, and that neither these estates nor any income from them were to pass into the residuum of the estate.

The clause which follows this bequest of the income to these two sons modifies it to this extent, that, under certain circumstances, it gives a portion of the income to Robert H.; but it does no more than this, nor does it leave any portion of the income undisposed of. So long as both Robert H. and the survivor of the other two brothers live, the survivor is to receive the income of the trust estates, diminished by one fourth, which is to be paid to Robert H. When Robert H. dies, it remains for his life to the surviving brother. This interpretation seems in strict conformity to the whole intention of the testator, as gathered from all parts of his will. If he had intended to give to Robert H. anything more from the estates thus set apart to the other two sons, there would have been found some expression of this.

The defendants urge that the language used in the gift of a

portion of the income to Robert H. indicates that at his decease the whole is to pass into the residuum of the estate. By this construction, the surviving brother of the two for whom the testator has made most careful provision — other parts of the will to which we have not especially adverted showing that he had little confidence in their ability to manage property — would be left for the remainder of his life without any means of support derived from the income of the estates apparently set apart for them. The language by which this income is dealt with, in the event of one of the brothers surviving, while Robert H. survives, is not fortunately chosen ; but we find no intent there exhibited that at the decease of Robert H. it is to be treated, either in whole or in part, as property undisposed of, except by the residuary clause of the will.

When the testator says, that on the death of either Benjamin or Albert M., leaving no lawful issue, during the life of said Robert H., one fourth of said net income of said four estates was to be paid during the life of the survivor " to my said son Robert H., and the other three fourths to the said survivor, so long as both he and said Robert H. shall live," his intention is to provide that the survivor, instead of having the whole income which he has bequeathed to his sons for their joint lives, shall, while Robert H. lives, have but three fourths thereof, while Robert H. has the remaining fourth. If the word " only " were inserted before the words " the other three fourths," the idea which the testator had in his mind, to reduce the income of the survivor while Robert H. lived, would be expressed more clearly, as it would then read that the survivor was to have only the three fourths " so long as both he and said Robert H. shall live," thus leaving the income undiminished when Robert H. should decease.

It has not been found necessary, in this view of the case, to consider what the rights of Benjamin might be as heir at law, if the income of this fund were not disposed of by the will.

The trustee should be instructed that the net income derived from the trust fund created by the will of Caleb Eddy should be paid to Benjamin Eddy during his life, together with that which has accrued since the death of Robert H.

*Instructions accordingly.*