GEORGE B. WHEATON, trustee, *vs.* GEORGE C. BATCHELLER & others.

Suffolk.    December 7, 8, 1911. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Devise and Legacy.    Equity Jurisdiction,* Bill for instructions.

A testator by his will established a trust, of which the income was to be paid to his wife during her life, and provided that after her decease the principal still should be held in trust "to pay over and divide equally the net income thereof to and among my children," naming his four children, "for and during their lives respectively. And in case either of my said children shall have deceased leaving no issue living at the time of the decease of my said wife, then I direct

that said net income shall be divided equally among my then surviving children. And in case either of my said children shall have deceased, leaving issue living at the decease of my said wife, or in case and whenever either of my said children shall decease after the death of my said wife leaving issue living at the time of his or her decease then I direct" the trustee "to divide and pay over to such issue of such deceased child that portion of the principal of said trust property to the income of which such deceased child would if living at the time be entitled, such issue to take by right of representation." Two of the testator's children died before the death of the testator's widow. One of them left no issue and on the death of the widow one third of the principal was distributed to the issue of the other deceased child. After the death of the widow the income of the remaining two thirds of the property was paid in equal parts to the two surviving children until one of them died, leaving no issue. The last surviving child had issue living. On a bill for instructions, it was *held,* that the last surviving child was to receive the whole of the income from the existing trust during her life, and that as to the distribution to be made upon her death the court would not instruct the trustee, he being entitled to instructions only as to his present duties.

BILL IN EQUITY, filed in the Probate Court for the County of Suffolk on January 31, 1911, by the trustee under the will of Gilbert Cummings, late of Boston, for instructions as to the construction of the fourth clause of that will, which is quoted in the opinion, and the duties of the trustee in making a distribution thereunder.

In the Probate Court *George,* J., made a decree that the whole of the income of the trust fund in question should be paid to the defendant Jane Maria Wheaton during her life as the only surviving child of the testator. The defendants Albert E. Cummings, Gilbert H. Cummings and Walter Cummings, children of Albert Cummings, a deceased son of the testator, appealed.

The appeal came on to be heard before *Morton,* J., who at the request of the parties reserved it upon the bill and answers for determination by the full court.

*J. F. Burke,* for the plaintiff, stated the case.

*J. B. Lord,* for the children of Albert Cummings.

*W. H. Brown,* for Jane M. Wheaton.

BRALEY, J. By the third clause of his will, the testator created a trust for the benefit of his wife, and then under the fourth clause provided, that after her decease the principal still should be held in trust "to pay over and divide equally the net income thereof to and among my children," who are specifically named, "for and during their lives respectively. And in case either of my said children shall have deceased leaving no issue living at the

time of the decease of my said wife, then I direct that said net income shall be divided equally among my then surviving children. And in case either of my said children shall have deceased, leaving issue living at the decease of my said wife, or in case and whenever either of my said children shall decease after the death of my said wife leaving issue living at the time of his or her decease" then the trustee is directed "to divide and pay over to such issue of such deceased child that portion of the principal of said trust property to the income of which such deceased child would if living at the time be entitled, such issue to take by right of representation." Of the four children, Albert and Gilbert, the sons, were dead when the widow died, and Gilbert having left no issue, one third of the principal was then distributed to the children of Albert; while the income of the remaining two thirds has been paid in equal parts to the daughters until the death of Sarah without issue. The surviving daughter is Jane, who has issue living. It is the contention of the appellants, who are the children of Albert, that upon the death of Jane, one half of the remaining principal should be distributed among the heirs at law of the testator as intestate estate. The time for a distribution of the principal, however, has not yet come, and the only question which the trustee is entitled to have answered is, whether the principal shall be kept intact and the income paid to Jane as the last survivor during the remainder of her life. *Peabody* v. *Tyszkiewicz,* 191 Mass. 317, 322. The testator's intention, that after his wife's death the income should be divided equally among his children "for and during their lives respectively," is free from all ambiguity. It is not changed by the succeeding sentences of the fourth article, except as the amount might be lessened by a partial distribution of the principal upon the death of a child, "leaving issue living at the decease of my said wife." The children surviving the wife took the income as a class, and if thereafter Sarah had died leaving issue Jane would have received only the income of the remaining third. But as this contingency did not arise, she takes during life the income of the entire principal now held by the trustee. *Jackson* v. *Roberts,* 14 Gray, 546, 551. *Loring* v. *Coolidge,* 99 Mass. 191. *Dow* v. *Doyle,* 103 Mass. 489. *Fiske* v. *Eddy,* 147 Mass. 151.

*Decree of the Probate Court affirmed.*