GEORGE B. SEARS, administrator, *vs.* AGNES A. BROWN & another.

Essex.    March 10, 1922. — June 15, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, & CARROLL, JJ.

*Devise and Legacy, Per capita* or *per stirpes.*

A will provided that, upon the death of a sister of the testatrix before the testatrix, which occurred, certain personal property was given "to the following persons and to the survivors of them if any shall have deceased before me, namely: Margaret May Blake, and her daughter Maude Douglass Blake, Agnes Armstrong Brown, Alice Marsh Jackson and her daughter Anna Stuart Jackson." Margaret May Blake and Agnes Armstrong Brown were daughters of one brother of the testatrix, and Alice Marsh Jackson was the daughter of another brother. Margaret May Blake had died before the testatrix. *Held,* that the property was to be divided equally among the surviving four beneficiaries.

BILL IN EQUITY, filed in the Probate Court for the county of Essex on March 27, 1920, by the administrator with the will annexed of the estate of Fanny Brown, late of Andover, for instructions whether, under the provisions of the will quoted in the opinion, the residue of the estate should be divided equally "between three classes, viz: — (a) Margaret May Blake (now deceased) and her daughter, Maude Douglass Blake, (b) Agnes Armstrong Brown, (c) Alice Marsh Jackson and her daughter Anna Stuart Jackson; or equally between Maude Douglass Blake, Agnes Armstrong Brown, Alice Marsh Jackson and Anna Stuart Jackson."

In the Probate Court, the suit was heard by *Dow,* J., by whose order a decree was entered that distribution be made "in equal shares to Maude Douglass Blake, Agnes Armstrong Brown, Alice Marsh Jackson and Anna Stuart Jackson." Maude Douglass Blake and Agnes Armstrong Brown appealed.

*A. T. Brown,* for the appellants.

*C. J. Powell,* for Alice Marsh Jackson individually and as guardian *ad litem* of Anna Stuart Jackson.

BRALEY, J. The will of the testatrix contains this clause, "All the rest and residue of my property and estate wherever situate

I give and devise to my sister Mary Brown. If my sister Mary shall not survive me I direct my executor or administrator with this will annexed to give and distribute sundry keepsakes, articles and personal chattels to the persons designated to receive the same in a list which I shall leave in my own handwriting, and I give all the residue of my property not named in said list to the following persons and to the survivors of them if any shall have deceased before me, namely: Margaret May Blake and her daughter Maude Douglass Blake, Agnes Armstrong Brown, Alice Marsh Jackson and her daughter Anna Stuart Jackson." Mary Brown and Margaret May Blake having died before the testatrix, the plaintiff asks whether the residue of the estate consisting of personal property which is not named in the list shall be divided equally between the three classes, namely, "Margaret May Blake (now deceased) and her daughter, Maude Douglass Blake, Agnes Armstrong Brown, Alice Marsh Jackson and her daughter Anna Stuart Jackson, or is the residue of said estate to be divided equally between Maude Douglass Blake, Agnes Armstrong Brown, Alice Marsh Jackson and Anna Stuart Jackson."

The intention of the testatrix governs the construction. Margaret May Blake and Agnes Armstrong Brown were daughters of her brother John Brown, Alice Marsh Jackson was the daughter of her brother Lewis Brown, and Maude Douglass Blake and Anna Stuart Jackson were her grandnieces. It is obvious that if living at her death she intended the grandnieces should share with her brother's children. The gift is to them and to the survivors of them. While each legatee is named they take as a class, and the share which would have come to Margaret May Blake, if she had survived, accordingly did not lapse, but passed to the survivors. *Dow v. Doyle*, 103 Mass. 489. *Dove v. Johnson*, 141 Mass. 287. *Wheaton v. Batcheller*, 211 Mass. 223. It follows that the bequest is to be divided equally between them. *Sohier v. Inches*, 12 Gray, 385. *Jackson v. Roberts*, 14 Gray, 546. *Swallow v. Swallow*, 166 Mass. 241. *Best v. Berry*, 189 Mass. 510. *Smith v. Haynes*, 202 Mass. 531. *Boston Safe Deposit & Trust Co. v. Reed*, 229 Mass. 267, 271.

The decree of the court of probate is affirmed with costs taxed on the fund as between solicitor and client.

*Ordered accordingly.*