In the Matter of the Accounting of GEORGE W. GRAVENHORST et al., as Executors of PAUL G. GRAVENHORST, Deceased, Executor and Trustee under the Will of OLGA VON HELMOLT, Deceased.

Surrogate's Court, Kings County, March 27, 1953.

*Philip F. Farley* for executors, petitioners.

*Jeremiah P. Lyons* for Ilse S. Von Helmolt, respondent.

*Frank J. Parker, United States Attorney for the Eastern District of New York* (*M. Jay Meckler* of counsel), for Attorney General of the United States, as successor to the Alien Property Custodian.

RUBENSTEIN, S. Construction of testatrix' will is sought in this accounting proceeding to determine the persons entitled to share in the remainder of the residuary trust, which has terminated by the death of the life beneficiary.

The testatrix died on March 24, 1938, in and a resident of Illinois, and the trust corpus consists solely of personal property within this State and, therefore, the laws of Illinois control the validity and effect of her testamentary dispositions (Decedent Estate Law, § 47). Her will dated May 17, 1935, was admitted to probate in this court on August 15, 1938.

Testatrix placed her residuary estate in trust for the lifetime benefit of her sole distributee, her son, and directed that upon his death " the principal * * * shall vest, share and share alike, in the then living children and in the then living issue of any deceased child or children of my said son, per stirpes and not per capita; and if there be then living no children and no issue of any deceased child or children of my said son, then the same shall vest, share and share alike, in the following persons who may be then living: (a) One (1) of said equal shares or parts in ", then follow the name of the legatee, her relationship to a named person, and address. Identical language,

except for names of the remaindermen and their addresses, is used in the next eight lettered subdivisions. None of the remaindermen is related to the testatrix.

The son died without issue on May 11, 1950. All of the named remaindermen survived the testatrix, but two predeceased the life beneficiary. The son died testate, survived by his widow and sole beneficiary under his will. She contends that there is intestacy with respect to two ninths of the remainder. The Department of Justice, as successor to the Alien Property Custodian, has vested the interests of five of the seven surviving remaindermen. Those five remaindermen are also represented by the same attorneys who appear for the accountants. They and the representative of the Department of Justice contend that the residuary estate is divisible into seven parts.

The rule that the testator's intention as expressed by him should be given effect, unless to do so would violate some principle of law or rule of public policy, is applicable both in Illinois and New York (*People* v. *Byrd,* 253 Ill. 223; *Robinson* v. *Martin,* 200 N. Y. 159). That intent is not to be inferred but expressed by the language of the will, and whether a remainder is vested or contingent depends on the language employed in creating it (*Ryan* v. *Beshk,* 339 Ill. 45). The court determines that the testatrix has expressed her intent in apt and precise language that only such of the nine persons named who should survive the life beneficiary of the trust, were to share in the remainder of such trust and that such survivors were to share such remainder in equal shares.

Vesting of the remainder was to occur upon the life beneficiary's death, in his issue then living and in default thereof, share and share alike among such of the nine named persons as should then be living. Remainder provisions of the character here present by which property is disposed of alternatively, the one to take effect only in case the other does not and in substitution of it, are said to run concurrently, and are commonly spoken of as alternative remainders on a contingency with a double aspect (*Stevens* v. *Van Brocklin,* 295 Ill. 434, 439; *Golladay* v. *Knock,* 235 Ill. 412; *Hennessy* v. *Patterson,* 85 N. Y. 91, 98).

It is contended that while there may be individual remainder gifts to named persons contingent upon survivorship at the time of distribution, the contingency itself does not transform individual gifts into a single class gift. The suggestion is made that if in each of the lettered subdivisions there were added to and at the end thereof the phrase, " if then living ", each subdivision

would then read, " One (1) of said equal shares or parts in (naming legatee) if then living ", the intent of individual gift would have been more clearly expressed.

That suggested addition has for its purpose the impairment of the value of the phrase of survivorship, " who may then be living " at the end of the general text and which connotes a class or group gift; and the transformation of the lettered subdivisions into nine dispositive provisions. Transpositions of words or phrases may not be made for the purpose of creating an intention to effect a testamentary disposition which is neither expressed nor necessarily implied (*Matter of Tamargo,* 220 N. Y. 225, 231). The will is barren of language from which an intent may be implied of disposition, in all events, of the remainder in nine parts, other than that which may be inferred from the typography of the lettered subdivisions. They were, however, apparently chosen by the draftsman as a more convenient form wherein the names, description and addresses of the remaindermen could be set forth more clearly than would be the insertion of such data in the general text wherein the dispositive provisions were embraced and the conditions of the gift stated. Each of the persons named in the lettered subdivisions has been theretofore, in effect, named in the general text by the phrase, " in the following persons " and the word, " in " of that phrase used in the sense of " among ".

A gift to named persons and to the survivors of them is a class gift (*Sears* v. *Brown,* 241 Mass. 523). The general rule that a gift to persons named is a gift to them individually and not as a class, yields to a clear expression of intent that the survivors of those named shall share equally in the aggregate fund (*Strauss* v. *Strauss,* 363 Ill. 442, 451). The provision that the principal of the trust " shall vest, share and share alike in the following persons who may then be living " indicates that survivorship is a condition of the gift and, therefore, participation in the total fund is confined to those seven remaindermen who survived the life beneficiary and the will is so construed.

The fee sought by the attorneys for the accountants for legal services rendered on their behalf is reasonable in amount and is allowed; said fee, however, shall include all the required services to the entry of the final decree herein and distribution thereunder. Disbursements shall be itemized and will be passed upon at the signing of the final decree.

Proceed accordingly.