## Lee, Etc. v. Foley, et al.

No. 39642          June 13, 1955          80 So. 2d 765

*Frank O. Wynne, Jr.,* Cleveland, for appellant.

*W. W. Simmons,* Cleveland, for appellees.

*Hugh F. Causey*, Cleveland, for Executor of Estate of B. A. A. Foley, Deceased.

GILLESPIE, J.

The principal question involved on this appeal is whether the will of B. A. A. Foley made a gift to his children as individuals or as a class. The testator was 72 years of age on March 31, 1941 when he made and published his will. At that time, the testator had eight living children and one deceased child. In the third paragraph of his will, the testator disposed of his real estate. He began the paragraph with these words: "At the present time, my children are (naming his eight living children)." The will then recited the ownership of certain real estate and provided that it should not be sold or divided but that it should be held intact, after which he provided, "and at my death my children then living hold said property and receive only the rents," etc. Thereafter, in said paragraph 3, the will provided that "as each of my children shall die, the right to use said rents, issues, and profits shall become vested in my children sur-

viving said deceased child or children, so that it is my will that the last surviving child of my children shall receive and become vested of an unqualified ownership in said property in fee simple.''

Subsequent provisions of the will denied his grandchildren, children of the deceased son, a share in the real estate, and bequeathed to each of said grandchildren the sum of $10.00. It provided that if any of his other children should predecease the testator, the child or children of such deceased child should receive $10.00 each. The residue of the estate was given ''to my children living at my death, share and share alike.''

In a later paragraph dealing with the manner of handling the real estate, the testator referred to ''my said children.'' Over five years later, on March 4, 1946, the testator filed a petition for the adoption of the appellant, Mary Foley Lee, who was then eleven years of age, and in which petition the testator prayed that Mary Foley Lee be adopted ''as his child'', conferring upon it ''all rights of maintenance, support, moral training, education, protection, care, custody, and control, with the right of inheritance.'' The decree of adoption provided for the adoption of the said Mary Foley Lee by the testator as his daughter, ''with all the civil rights and benefits, with the right of inheritance, and that her name shall remain Mary Foley Lee.'' The testator died about six years after the adoption of Mary Foley Lee, and his will was duly probated.

Petition was filed to construe the will to determine the rights, if any, of Mary Foley Lee thereunder. The chancellor held that appellant, Mary Foley Lee, was not entitled to any part of the estate of the testator under the will, or as an heir at law, or otherwise. She appeals.

The first contention of the appellant is that construing the will as a whole in the light of the adoption petition and decree, the testator intended that appellant take as a child under the will. She arrives at this contention as follows: (a) The testator, in paragraph 3 of his will,

made a gift to a class, his children living at the time of his death; and (b) that appellant is a member of that class by virtue of the adoption. This is the only means by which appellant could become a beneficiary under the will since she was not a named beneficiary.

A devise or bequest to a number of persons not individually named but all within the class described by the testator, the numbers of which may increase or decrease, is, generally, a gift to a class and not to separate individuals. But if the devise or bequest is to named individuals, the gift is one to individuals, even though the named persons constitute a natural class. Cross v. O'Cavanagh, 198 Miss. 137, 21 So. 2d 473; Byrd v. Wallis, 182 Miss. 499, 181 So. 727; Clark v. Case, 207 Miss. 163, 42 So. 2d 109; 57 Am. Jur., Wills, Secs. 1261, 1262, 1263. The case of Shannon v. Riley, 153 Miss. 815, 121 So. 808, may seem to hold contrary to what we have laid down above. The Shannon case held that from a common sense view of the circumstances there unfolded a clear intent and purpose to treat and consider the beneficiaries as a unified class. The rule relating to whether a gift is to a class or to individuals is not always without exception; for if there are circumstances surrounding the testator, his property, or provisions of his will, that indicate a clear intent and purpose on the part of the testator that he intends a class gift when the members of the class are named individually, it will be construed as a class gift.

The rule that a will speaks as of, or takes effect only upon, the death of the testator, relates to the effect and operation of the instrument, not to its construction. For purposes of testamentary interpretation, a will must be considered with reference to the circumstances existing at the time of its execution. 57 Am. Jur., Wills, Sec. 1209. The language of a will must be construed as of the date of its execution and in the light of the then surrounding circumstances. 57 Am. Jur., Wills, Sec. 1145.

Appellant was not adopted to the testatory until

more than five years after the will was executed, and we are unable to find any indication in the will or any surrounding circumstances indictating an intention to make a gift or devise to anyone other than the named children of the testator. We hold that the gift in this case was to the individual children of the testator as named in the will.

We do not reach the question whether Mary Foley Lee, as an adopted child, would take under this will if the will had been made after the adoption, and the gift had been to testator's children as a class.

The next contention of the appellant is that the court erred in holding that Section 659 of the Code of 1942 does not include an adopted child as a pretermitted child. It is clear from the wording of the statute that the legislature intended that the provisions therefor were for children "born after the making and publishing of such last will and testament." Appellant was not born after the will was made. We do not reach the question whether Code Section 659 was intended to apply to adopted children born after the execution of the will.

We find no error in the record and the case should be and is hereby affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.