241 So.2d 650 (1970)
S.R. CAIN, Jr., Guardian Ad Litem for Mary Mallie Harreld, et al.,
v.
Vardaman S. DUNN, Guardian Ad Litem for Lee Ann Harreld.
No. 45992.
Supreme Court of Mississippi.
December 7, 1970.
Cain & Cain, Canton, for appellant.
Cox & Dunn, Jackson, for appellee.
ETHRIDGE, Chief Justice:
This case involves the question of whether a testamentary bequest is a gift to named individuals only or to a class. We hold that, considering its terms, the situation of the parties, and surrounding circumstances, the bequest is one to a class and not to the named individuals only. Hence the decree of the Chancery Court of Madison County is affirmed.
William E. Harreld, age 62, died suddenly and unexpectedly on February 5, 1967, leaving a last will and testament dated July 25, 1961. Under the will a specific bequest was made to testator's surviving wife of approximately one-half of the total estate, and Article II(B) made the following residuary bequests:
The rest, residue and remainder of my estate I devise and bequeath, in equal share, to my son, William E. Harreld, Jr., and each of my grandchildren, Malley Harreld, William E. Harreld, III, Wilson Harreld, Eastland Harreld and John Cowan Harreld as shall survive me, and in the event that my said son or any of *651 my said grandchildren shall predecease me, then I give, devise and bequeath the share of said deceased son or grandchild in equal shares to my said son and/or grandchildren per capita.
Testator's son, William E. Harreld, Jr., was appointed executor of the will. He is the only surviving son of testator; one other child died in 1959 without having married. William E. Harreld, Jr., had been married to Ann Arrington Harreld for sixteen years. They had six children, four boys and two girls, with the children ranging in age at the time of trial from fifteen to seven years of age. The youngest child, Lee Ann, was born December 4, 1961, about four months after the will was executed. Lee Ann was born prematurely by about three months, and although the mother was pregnant when the will was signed, her condition was not apparent. Testator was not aware that his sixth grandchild was on the way. The evidence shows that Mr. Harreld was very close to and fond of all his grandchildren, including Lee Ann after her birth.
The attorney who drafted the 1961 will said that testator intended for him to draft a "temporary" will, and that after it was executed there were numerous conferences about a more elaborate will, but the details were never worked out to Mr. Harreld's satisfaction, so no "permanent" testament was ever executed.
The chancery court had jurisdiction of this cause. The executor filed a petition for construction of the will and determination of identity of the legatees. He asked for a direction as to distribution of the residuary estate. Without such direction the estate could not be safely closed. All of testator's grandchildren were made parties to the petition, and a guardian ad litem was appointed for Lee Ann, and another appointed for the remaining grandchildren. As between these two interests, adversary positions were taken.
Mississippi Code 1942 Annotated section 1263 (1956) provides that the court in which a will has been probated has jurisdiction to hear and determine "all questions in relation to the execution of the trust of the executor * * * appointed for the administration and management of the estate, and all demands against it * * *." Mississippi Constitution 1890 section 159 vests the chancery court with full jurisdiction in testamentary matters. Interpretation of this will is incidental to needed relief in the form of proper distribution of the estate's assets. In short, this proceeding is for determination of property rights in the assets of an estate being administered under the jurisdiction of the chancery court.
The principal question is whether the sixth grandchild, Lee Ann Harreld, born after execution of the will, is entitled to participate in the residuary estate along with the testator's son and other grandchildren. Considering the situation of the parties and relevant surrounding circumstances, and the specific terms of the will, we conclude that the bequests should be interpreted as one to the son and grandchildren as a class, and not to the named individuals only. The intention of the testator is, of course, the controlling factor.
The rule with which we are here concerned is outlined in 5 American Law of Property section 22.4 (1952):
The phrase "class gifts" is designed to suggest one fundamental idea, and once this is fully grasped the concept has some utility. That fundamental idea is simply this. A gift to a class is involved when the beneficiaries of a disposition form an entity or a unit and the gift is to that entity or unit rather than to the separate and distinct individuals who comprise the entity or unit. The idea may also be expressed in this way: whenever the transferor is group-minded with respect to his beneficiaries, rather than individual-minded, the gift is to them as a class.
When the beneficiaries of a will are specified by their individual names, it may be reasonably inferred, prima facie, that the *652 transferor was thinking of them as separate and distinct individuals and not as a group or an entity. Accordingly, a "construction preference" is said to be that if transferees are specified by name the gift is one to individuals and not to a class. Lee v. Foley, 224 Miss. 684, 80 So.2d 765 (1955); 5 American Law of Property § 22.5 (1956). However, even though the testator has named his beneficiaries individually, additional evidence of a different intent may be present from the terms of the will and surrounding circumstances which would require a conclusion that the transferor was group-minded with respect to his beneficiaries even though he named them individually.
In Shannon v. Riley, 153 Miss. 815, 121 So. 808, 75 A.L.R. 768 (1929), an elderly man created a ten-year inter vivos trust for one son, named as trustee, and for his named sisters and brothers. An equal share of the profits was to be paid to each of the sisters and brothers. If one of them should die without a child, then his or her share was to be paid to the surviving sisters and brothers. After ten years the trust property was to be divided in kind among the brothers and sisters. It was contended that this inter vivos trust violated the two-donee statute. Miss.Code 1942 Ann. § 838 (1956). The Court held that this was a gift to a class, rather than named individuals, and that it did not violate the two-donee statute. It recognized that the definition of class donees is difficult, with a numberless variety in language and circumstances, and then stated "a general or approximate description":
All we shall attempt, therefore, is an approximation or general description of what is meant by a gift to a class, which we shall state thus: When there is a gift or grant to a number of persons, although one or all of them may be named, if the naming of them was intended merely as a matter of identification, and these persons are united or connected by some common tie, and it is clear that the donor was looking to the body as a whole or as a group, rather than to the members constituting the body as individuals, and that he intended that the group might fluctuate in numbers, so that, to preserve the group, if one or more of that body died during the period in question, the survivors should take the gift between them, either in equal or in some other naturally related portions, the gift is to be construed as one given to them as a class. (153 Miss. at 826, 121 So. at 811).
The Court concluded that putting aside "labored technicalities," the donor's intent was to treat the beneficiaries "as a unified class." Significance was found in the provision that the survivors would take the share of a brother or sister dying without issue, "for the naturally interrelated fluctuations necessary * * * to preserve the unity of the group * * *" The similarities between the gifts in Shannon and those here, and the criteria described by Justice Griffith in Shannon are applicable, we think, to the instant case.
Lee v. Foley, 224 Miss. 684, 80 So.2d 765 (1955), is distinguishable on its facts. The bequests were to testator's eight named children. The testator, 72 years of age, several years later adopted a child. It was held that this adopted child was not included in the will. The Court was unable to find any indication in the will or surrounding circumstances indicating an intent to make a gift to anyone other than the named children of testator's body. There were no circumstances justifying an interpretation of the gift as a class gift. On the other hand, the terms and context of Harreld's will indicate a class gift.
In favor of an interpretation that the instant gift is to the named individuals is the prima facie rule; this gift is made to individuals by name, testator's son and five of his grandchildren. 4 Page on Wills § 35.4 (Bowe-Parker Rev. 1961). Also, the reference to "said grandchildren" relates to those named. On the other hand, this construction preference is offset by more significant *653 factors appearing in the will and from surrounding circumstances. Harreld was not aware that a sixth grandchild was on the way when he made his "temporary" will. He was at least equally fond of Lee Ann as of his other grandchildren. There is no express statement in the will indicating an intent to exclude her, and there was no reason to set her apart for discriminatory treatment. Moreover, the testator could have made clearly a class gift or one to individuals, simply by using language expressing definitely that intention, and there would have been no room for construction. His dominant, manifest purpose was to leave the remaining one-half of his estate to his son and his grandchildren as a group or unit.
The context of a will may show that the names of the beneficiaries were added to the description of them as the members of a class for the purpose of greater certainty. 4 Page on Wills § 35.4 (Bowe-Parker Rev. 1961). We think that is what occurred here, and where such specific identities occur simply for the purpose of greater certainty, the gift should be treated as one to a class.
Further, the last part of the bequest states that, if testator's son or grandchildren predecease him, then he leaves the deceased's share equally to his son and/or grandchildren per capita. A gift to persons who are described as a class and who are also named, followed by a provision that the share of one who dies without issue shall go to the survivors of the group, has been held to be a gift to a class. It indicates that the class, here the son and grandchildren, are all to take in equal portions. 4 Page on Wills § 35.3, p. 465 (Bowe-Parker Rev. 1961); 5 American Law of Property § 22.8, p. 264 (1952). This circumstance may justify, as here, a logical inference of an intent to give to the class and its survivors, i.e., a purpose to maintain the integrity of the class. Shannon v. Riley, supra; Lyman v. Sohier, 266 Mass. 4, 164 N.E. 460 (1929); United States Trust Co. v. Jamison, 105 N.J. Eq. 418, 148 A. 398 (1929); In Re Billing, 268 Pa. 67, 110 A. 767 (1920); In Re Gravenhorst, 204 Misc. 377, 121 N.Y.S.2d 197 (1953).
Moreover, the will states the name of testator's son, his only one living; this was obviously for identification and not exclusion purposes. The naming of his five known grandchildren was also for identification and not exclusion.
The manifest objects of testator's bounty were his son and his son's children. A reading of this will in its entirety discloses that Harreld had worked out a general plan of distribution for his entire estate, in which the major objective was an equal distribution of his property, after providing for his wife, among a group consisting of his son and his son's children. The gift to the survivors, if one or more of this group predeceased testator, was for the preservation of his plan of equality of distribution. His intent, and his love for his grandchildren, are emphasized by the fact that he placed them on a par with his son in the distribution. The fulfillment of a general plan of distribution has often been held to be sufficient basis to justify the conclusion that the gift is a class gift rather than to the named individuals only. For all of these reasons, we conclude that the testator was group-minded with respect to his beneficiaries, rather than individual-minded, and that the gifts are to them as a class, the testator's son and all of his grandchildren. 5 American Law of Property § 22.8, pages 266-267 (1952); see also Annot., 75 A.L.R. 773 (1931).
Affirmed.
RODGERS, JONES, BRADY and INZER, JJ., concur.