GILLESPIE, Chief Justice:
In construing the last will and testament of J. T. Eubanks, deceased, the Chancery Court of Webster County held that the residuary clause in Item V devised the remainder of a trust to a class, consisting of the testator’s heirs at law. From this finding, the heirs who were named in the residuary clause prosecute this appeal on the ground that the gift was to them as individuals. Thus the sole question is whether the gift was to a class or to the named individuals. We reverse and hold that the gift was to the named individuals.
J. T. Eubanks was married twice. He and his first wife had three children: Leonard Eubanks, J. T. Eubanks, Jr., and Mrs. Jaunita Eubanks Nix. He and his first wife were divorced and he married again. His second wife, Mary H. Eubanks,[1] and their eleven children along with the three children by his first wife constitute his heirs at law.
The will of J. T. Eubanks consists of eight typewritten pages and is divided into eleven items. In Item V the testator bequeathed an indebtedness secured by a deed of trust to Harold Arnold in trust for the following purposes:
The first $1,200.00 collected shall be set aside and held by the said Trustee and used by him for the payment of medical and hospital expenses incurred by and rendered for the benefit of my son Leonard; if the entire sum of $1,200.00 should not be so used, then that part not so used shall revert to the residue of the trust established by this item of this my last will and testament.
The residue of the trust established by this item of this my Last Will and Testament shall be distributed to the following named persons in the proportions or shares set forth as can be conveniently done after collection, to-wit:
Share and share alike to my heirs at law, including my son Leonard, Larry Gene Eubanks, Cherryl Marie Eubanks, Lula Mae Eubanks, Jimmy Jefferson Eubanks, Thomas Eubanks, James Charles Eubanks, Mary Anne Eubanks, Carol Sue Eubanks, Rickie Lee Eubanks, Vickie Lyn Eubanks and John Ellis Eubanks, and my wife, Mary Eubanks.
Item VI is as follows:
I give, devise and bequeath unto my heirs at law, share and share alike as tenants in common, the tract of land in Montgomery County, Mississippi, containing approximately 140 acres, which I bought from Homer Herrin and being all and the only land now owned by me in Montgomery County, Mississippi.
Item VII is as follows :
I give, devise and bequeath all of the rest, residue and remainder of my estate unto my heirs at law share and share alike as tenants in common in fee simple.
It will be noted that two of the testator’s children by his first wife, J. T. Eubanks, Jr. and Mrs. Jaunita E. Nix, are omitted *217 from the persons named in Item V. Leonard Eubanks, the child of the first marriage whose name appears in Item V, is afflicted and has been confined to a convalescent hospital since 1967, and the testator paid part of the expense of his confinement until testator’s death.
In Shannon v. Riley, 153 Miss. 815, 121 So. 808 (1929), this Court attempted a general description of what is meant by a gift to a class, saying:
All we shall attempt, therefore, is an approximation or general description of what is meant by a gift to a class, which we shall state thus: When there is a gift or grant to a number of persons, although one or all of them may be named, if the naming of them was intended merely as a matter of identification, and these persons are united or connected by some common tie, and it is clear that the donor was looking to the body as a whole or as a group, rather than to the members constituting the body as individuals, and that he intended that the group might fluctuate in numbers, so that, to preserve the group, if one or more of that body died during the period in question, the survivors should take the gift between them, either in equal or in some other naturally related portions, the gift is to be construed as one given to them as a class. (153 Miss, at 826, 121 So. at 811).
In our opinion, the testator manifested an intention to consider the donees as individuals rather than a class. We base our opinion on several considerations. First, there is the fact that the will was carefully prepared. Second, the will provided for separate gifts to the testator’s wife, Mary, and to their four youngest children. Third, the testator set aside $1,200 for Leonard’s hospital expenses. He then gave the residue “to the following named persons, . . my heirs at law, including . . .,” and testator then names all his heirs except his two older children, J. T. Eubanks, Jr. and Mrs. Nix. It appears to us that Leonard was included in Item V as one of the “named persons” because he was afflicted, and for this reason was favored over Leonard’s brother and sister, J. T., Jr. and Mrs. Nix. If the testator intended for J. T., Jr., and Mrs. Nix to be included as donees in Item V, then we must find that the testator forgot to name them individually. This would be an unwarranted assumption. Fourth and finally, in Items VI and VII, the testator made gifts to his heirs at law without naming any of them. In our opinion this is an indication that in naming all but two of his heirs at law in Item V, he was looking to the persons named as individuals rather than as a group. It was not necessary to name the individuals in Item V in order to identify a group or class. The class was identified in Items VI and VII without naming anyone.
We hold that the gift in Item V was to the named individuals and not to a class. Byrd v. Wallis, 182 Miss. 499, 181 So. 727 (1938).
Reversed and rendered.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.

. Mary H. Eubanks died pending appeal and tlie appeal was revived in the name of the administrator of her estate.