392 So.2d 509 (1981)
Bessie V. MOFFETT et al.
v.
Maudine Moffett HOWARD.
No. 52290.
Supreme Court of Mississippi.
January 7, 1981.
Claude A. Chamberlin, Houston, Chamberlin & Houston, Aberdeen, for appellants.
Julian W. Fagan, III, Amory, for appellee.
Before PATTERSON, C.J., and WALKER and BROOM, JJ.
PATTERSON, Chief Justice, for the Court:
In a will construction proceeding in the Chancery Court of Monroe County, Bessie V. Moffett, executrix, et al, sought interpretation of the residuary clause of the last will and testament of the late Elzie G. Moffett. The court below held the residuary bequests and devises to be gifts to individuals rather than a class gift so that certain lapsed residuary bequests and devises descended by the laws of intestacy to testator's sole heir-at-law, Mrs. Maudine Moffett Howard. Aggrieved, Bessie V. Moffett, executrix, Jimmy M. DePietro, George R. Moffett, and Frank W. Moffett, sister and brothers of deceased, appeal, assigning as error: The court erred (1) in holding the residuary shares of the three brothers and one sister of testator who predeceased him to be intestate property and not a part of the residue to be divided among the surviving residuary beneficiaries; (2) in not finding it was the intention of the testator that the shares of any residuary beneficiaries who predeceased testator were to go to the surviving residuary beneficiaries; and (3) in not holding the residuary clause in the will to be a gift to a class.
Elzie G. Moffett, testator, executed his last will and testament on August 17, 1964. In Item IV he made residuary bequests and devises to his only daughter and eight named brothers and sisters. The clause in question provides as follows:
The rest and residue of my property of every kind and description, including, real, personal and mixed, bank accounts, time deposits of certificate, bonds and other personal property, I give, devise and bequeath to my daughter, Mrs. Maudine Howard, and my brothers and sisters, *510 Zeak C. Moffett, Frank W. Moffett, Charlie H. Moffett, George R. Moffett, Bessie V. Moffett, Maymie M. Harrison, Mrs. Jimmie M. De Pietro and Guy W. Moffett, to share and share alike.
Following the execution of the will and prior to testator's death on November 11, 1978, one sister and three brothers named in the residuary clause predeceased the testator. Although the testator was fully cognizant of this fact, there is no evidence that he executed a codicil to his will or attempted in any manner to change its terms after their death.
Other provisions of testator's will, not in dispute but relevant in determining testator's intent, directed his sister, Bessie V. Moffett, who had lived with her brother until his death, to serve as executrix and also gave her a sizeable portion of his estate in addition to the residuary devise and bequest.
On appeal, two issues arise. The first is whether the testator intended to make a class gift or a gift to individuals. The second is the ultimate disposition of the 4/9 ths lapsed residue.
Concerning the class gift issue, we are of the opinion the court correctly held the bequest and devise to be to individuals. Each residuary beneficiary was specified by name, and absent a clear intent of the testator to create a class gift, the construction preference for gifts to individuals is applied. We said in Cain v. Dunn, 241 So.2d 650 (Miss. 1970), the following:
The rule with which we are here concerned is outlined in 5 American Law of Property section 22.4 (1952):
"The phrase `class gifts' is designed to suggest one fundamental idea, and once this is fully grasped the concept has some utility. That fundamental idea is simply this. A gift to a class is involved when the beneficiaries of a disposition form an entity or a unit and the gift is to that entity or unit rather than to the separate and distinct individuals who comprise the entity or unit. The idea may also be expressed in this way: whenever the transferor is group-minded with respect to his beneficiaries, rather than individual-minded, the gift is to them as a class."
When the beneficiaries of a will are specified by their individual names, it may be reasonably inferred, prima facie, that the transferor was thinking of them as separate and distinct individuals and not as a group or an entity. Accordingly, a "construction preference" is said to be that if transferees are specified by name the gift is one to individuals and not to a class. Lee v. Foley, 224 Miss. 684, 80 So.2d 765 (1955); 5 American Law of Property § 22.5 (1956). However, even though the testator has named his beneficiaries individually, additional evidence of a different intent may be present from the terms of the will and surrounding circumstances which would require a conclusion that the transferor was group-minded with respect to his beneficiaries even though he named them individually. (241 So.2d at 651-52)
Appellants cite Shannon v. Riley, 153 Miss. 815, 121 So. 808 (1929), to support their position that the residuary legacy was a gift to a class even though the testator's daughter and siblings were specifically named in the will. Shannon defines a class gift as follows:
All we shall attempt, therefore, is an approximation or general description of what is meant by a gift to a class, which we shall state thus: When there is a gift or grant to a number of persons, although one or all of them may be named, if the naming of them was intended merely as a matter of identification, and these persons are united or connected by some common tie, and it is clear that the donor was looking to the body as a whole or as a group, rather than to the members constituting the body as individuals, and that he intended that the group might fluctuate in numbers, so that, to preserve the group, if one or more of that body died during the period in question, the survivors should take the gift between them, either in equal or in some other naturally related portions, the gift is to be construed as one given to them as a class. *511 28 R.C.L. p. 260 et seq.; Thompson on Construction of Wills, §§ 200-211; 1 Jarman on Wills (6th Ed.) pp. 262, 336, 433; 2 Page on Wills (2d Ed.) § 918 et seq.; 40 Cyc. p. 1473.
We do not attempt any fixed or precise definition of class donees. Able text-writers and jurists have repeatedly attempted it, with no more success than have been the efforts to define reasonable doubt, proximate cause, and numerous other terms in the law, wherein, at last, the simple word or words originally selected to denote the idea to be conveyed have been found best so far as concerns any universal test, without more.
(153 Miss. at 824-25, 121 So. at 810-811)
There this Court interpreted a ten-year inter vivos trust to be a class gift where the trustor's son was named trustee with each of trustee's children to receive an equal share of the income. The trust instrument was carefully drafted with specificity and detail so that the donor's intent to treat the beneficiaries as a unified group or class was clearly evident from the face of the trust. A major factor indicating a class gift was language in the trust which provided that if a child should die without issue, then his or her share would go to the surviving brothers and sisters to share and share alike.
The present is distinguishable because there is no language indicating the survivors should take the predeceaseds' shares. In fact, the will is totally silent on the disposition to be made of the residue in the event a residuary beneficiary predeceased testator. Because testator did not provide for such a contingency, we are of the opinion that to hold otherwise would in effect be an attempt to rewrite the will. Appellants contend that testator, with actual knowledge of the death of four residuary beneficiaries, did not change the disposition in his will, thereby indicating an intention that the surviving residuary members should take the lapsed residue. We believe this to be argumentative speculation to add provisions to the will which are non-existent. This Court stated in Byrd v. Wallis, 182 Miss. 499, 181 So. 727 (1938), concerning testator's failure to provide for a contingency:
Again, it is urged that it would defeat the will of the testatrix to permit the lapsed portion of the residuum which was bequeathed to Nannie Moss Brown, to descend to the heir at law instead of passing to the other residuary legatees named in the will. However, as was said in the case of George Washington University v. Riggs National Bank, 66 App. D.C. 389, 88 F.2d 771, 772, "while the intention of the testator to dispose of all of his estate may appear from the face of the will, if a condition later arises which was clearly not contemplated by the testator, it is not within the power of the courts to amend the will by attempting to supply the omission. * * * If * * * the testator has overlooked a condition which he would perhaps have provided for if it had occurred to him, the court cannot guess at what provision he would probably have made * * * if he had thought of it." Furthermore, the testatrix in the case at bar had known for some time that Nannie Moss Brown had predeceased her, and she failed to amend her will so as to dispose of her lapsed share in the residuary estate and prevent it from going to appellant as heir at law of the testatrix. There must be some language used and to be construed on the point at issue in order for the court to render assistance, by construction, in effectuating the intention of a testator. Courts cannot supply a provision in a will, and then proceed to give it the desired effect. The death of Nannie Moss Brown, one of the residuary legatees, prior to the death of the testatrix, was a contingency not provided for, and hence the share lapsed and descended as intestate property.
(182 Miss. at 515-16, 181 So. at 731-732)
The rule in Mississippi is "[i]f the gift is made to beneficiaries by name, the gift is, prima facie, not one to a class, even if the individuals who are named possess some quality or characteristic in common," 4 Page on Wills (3d ed. 1961) section 35.4. This principle forms the basis for this *512 Court's decisions in numerous cases including Eubanks v. Lucius, 257 So.2d 215 (Miss. 1972); Cain v. Dunn, 241 So.2d 650 (Miss. 1970); Lee v. Foley, 224 Miss. 684, 80 So.2d 765, 61 A.L.R.2d 209 (1955); Meyers v. Teichman, 219 Miss. 860, 70 So.2d 17 (1954); Cross v. O'Cavanaugh, 198 Miss. 137, 21 So.2d 473 (1945); and Byrd v. Wallis, 182 Miss. 499, 181 So. 727 (1938). However, this is not to say the presumption in favor of a gift to individuals cannot be overcome by language or other provisions of the will which would denote an intent on the part of the testator to treat the individuals as a unified group or whole, Shannon, supra. Presently, we are of the opinion, after study of the testator's will, that no intention to treat the residuary beneficiaries as a unified group is manifested.
This brings us to the second issue concerning the disposition of the 4/9ths lapsed residue. In the absence of an anti-lapse statute providing for lapsed residue to remain part of the residuum, the common law as applied in Mississippi requires the lapsed residue to descend by the laws of intestate distribution so long as the deceased residuary beneficiaries are not children of testator. See Miss. Code Ann. § 91-5-7 (1972). The common law rule is stated in 6 Page on Wills (3d ed. 1961) section 50.18:
If the residuary gift itself lapses, such lapsed gift does not form a new residuum in the absence of specific language showing that this is testator's intention. If there is one residuary legacy, and such legacy lapses, it passes to the heir or next of kin as intestate property if there is no gift over.
If the residuum of the estate is given to two or more individually, and not as a class, and the gift to one of them lapses, the question is raised whether such lapsed gift should pass under the residuary clause to the other residuary legatee, or whether it should pass to testator's next of kin as intestate property, in the absence of language in the will which tends to show the disposition which testator intends to make of it under such circumstances. It is now settled, by the weight of authority, that a lapsed part of the residuum does not itself pass into the remainder of the residuum, but that it passes to testator's next of kin as intestate property.
See Meyers v. Teichman; Clark v. Case; and Byrd v. Wallis, supra. Therefore, the lapsed portions of testator's estate descend by the laws of intestate succession to Elzie G. Moffett's heir-at-law, his daughter.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.