# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2011

Lyle W. Cayce
Clerk

No. 10-60852

PAUL T. TATUM, The Estate of Franklin M. Tatum, Jr.,

Plaintiff – Appellant

v.

UNITED STATES OF AMERICA,

Defendant – Appellee

------------------------------------------------------------------------------------------------

ERIK LOWERY, Estate of Doris E. T. Tatum,

Plaintiff – Appellant

v.

UNITED STATES OF AMERICA,

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:09-CV-48

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60852

The estates of a taxpayer ("Tatum Junior") and his wife sued the IRS for a refund of federal gift taxes assessed upon the distribution, to the taxpayer's children, of a bequest from the taxpayer's father ("Tatum Senior") that the taxpayer had disclaimed.  The district court ruled in favor of the IRS on cross-motions for summary judgment, and the estates appealed.  We REVERSE and REMAND to the district court with instructions to enter judgment for the estates.

The IRS argued on brief and at oral argument that "at common law, a disclaimed bequest is treated like a lapsed bequest," and urged us to proceed accordingly.  Appellee's Brief at 9.  According to the IRS, under Mississippi law, a lapsed portion of a residual bequest becomes intestate property, passing to the testator's heirs at law, unless a contrary intention of the testator is manifest from the terms of the will.  However, that general proposition is qualified by Mississippi's anti-lapse statute, Miss. Code Ann. § 91-5-7 (1972).  The statute directs that when the deceased beneficiary is a child of the testator, the bequest does not lapse, but passes as if the legatee had survived the testator and then died intestate.  *See id.*; *In re Estate of Mason*, 616 So. 2d 322, 330 (Miss. 1993); *Moffett v. Howard*, 392 So. 2d 509, 512 (Miss. 1981).  Therefore, to the extent that Tatum Junior's disclaimer effectively resulted in a lapsed bequest,[1] Tatum Junior's disclaimed interest would have "passe[d] without any direction on [his] part . . . to a person other than [himself]," thus constituting a qualified

---

[1] The IRS does not cite, and we are unable to find, any support for the premise that a disclaimed bequest should be treated as a lapsed bequest; nevertheless, we take the IRS's argument at face value.  In any event, this question has been moot since July 1, 1994, when Mississippi's adoption of the Uniform Disclaimer of Property Interest Act, Miss. Code Ann. §§ 89-21-1 to 89-21-17, became effective.  Under the Act, a disclaimed interest devolves as if the disclaimant had predeceased the decedent, *id.* § 89-21-9(1)(a), a contingency expressly provided for in Tatum Senior's will.  However, for purposes of this case, we must look to Mississippi law as it existed at the time of Tatum Junior's disclaimer in 1987.

2

No. 10-60852

disclaimer and exempting him from the gift tax imposed on his estate by the IRS. 26 U.S.C. §§ 2518(a), (b)(4)(B); *see also* 26 C.F.R. § 25.2518-1(b).

Even if this were not the case under Mississippi law, it seems to us that the intent of the testator is manifest from the terms of the will. In interpreting a will, the most important consideration under Mississippi law is the intent of the testator. *See, e.g., Tinnin v. First United Bank of Miss.*, 502 So.2d 659, 665, 667 (Miss. 1987). Tatum Senior's clear intent, as expressed in his will, was that the disclaimed property go to Tatum Junior's children in the event that it did not go to Tatum Junior. We therefore find that the estates of Tatum Junior and his wife are entitled to a refund of the federal gift taxes and penalties they paid to the IRS.

REVERSED and REMANDED.