## APPLETON *et al. v.* FULLER *et al.*

*(Supreme Court, General Term, First Department. November 13, 1891.)*

CONSTRUCTION OF WILL—BENEFICIARIES.

Testator, after various bequests, gave his residuary estate to his executors in trust to divide the same into as many portions as he should leave children living, not including his daughter K., and out of the net income of such portions to pay an annuity of $2,500 for life to K. and one of $3,000 to his wife, and to pay in monthly payments to each of the remaining children who should survive him, respectively, during the life of each, an equal part of the remaining net income of each of said portions; at the death of any such child the portion to go as a remainder in fee to his or her heirs. By a codicil testator revoked the portions of the will providing for his two sons as beneficiaries of the trust, and declared that the "trust shall be created and remain for the benefit of the remaining beneficiaries therein named, (my wife and daughters,) and the said trust-estate shall be divided into as many shares as I shall leave daughters me surviving," and in lieu of the provisions for the sons gave them each $9,000. *Held*, that the will made no provision for grandchildren unless the parent was living at the time of testator's death, and that the children of the two sons took no part of the trust-estate.

Motion for new trial on exceptions.

Action by Daniel F. Appleton and others, executors, etc., of William J. A. Fuller, deceased, against Kate Fuller and others, for a construction of the will of William J. A. Fuller, deceased. An interlocutory judgment was entered construing the will and appointing a referee. Defendant Meta Fuller, an infant, by her guardian *ad litem*, and William M. and Bayard C. Fuller, moved for a new trial under Code Civil Proc. N. Y. § 1001, on case and exceptions. Denied.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Frederick S. Wait*, for appellant Meta Fuller. *Charles De Hart Brower*, for appellants W. M. and B. C. Fuller. *E. Ellery Anderson*, for plaintiffs. *Leon Abbett, Jr.*, for defendant Kate Fuller. *Thos. B. Odell*, for defendant Fanny M. Man. *Tuttle, Goodell & Brooks*, for defendants Josephine O. Krotel and Paul Krotei. *Fox & Stallknecht*, for defendant Alice C. F. Wright. *Lewis S. Burchard*, for defendants Sadie S. Fuller and others. *G. H. & F. L. Crawford*, for defendant Elizabeth C. Fuller. *Bartow S. Weeks*, guardian *ad litem*.

VAN BRUNT, P. J. This action was prosecuted to construe the will of W. J. A. Fuller, and for an accounting by his executors. The testator died on the 11th of March, 1889, leaving him surviving the defendant E. C. Fuller and the respondents Kate Fuller, Fanny M. Man, Josephine O. Krotel, Alice C. F. Wright, Sadie S. Fuller, and Julia A. Fuller, his only daughters, and the appellants William M. and Bayard C. Fuller, his only sons. The respondents E. A. Man and Margaret H. Man are infants, and are the only children of said Fanny M. Man. The respondent E. P. Krotel is an infant and only child of the said Josephine O. Krotel. The appellant Meta Fuller is the only child of said William M. Fuller. The other daughters and the other son of the testator have no children or descendants. He left a will, dated November 28, 1888, and a codicil thereto, dated February 8, 1889, which were admitted to probate by the surrogate in April, 1889, and letters testamentary issued thereon to the plaintiffs the executors. After various bequests, by the ninth clause of the will, the testator gave all the rest, residue, and remainder of his estate to his executors in trust for the purposes thereinafter set forth. He then directs the payment of all taxes, assessments, and other lawful charges upon his estate, and that his real estate should be kept in good preservation and repair, and that it should be kept fully insured before the net income should be paid to any person under the will. He then directed his executors, after the payment of his just debts, to divide his property into as many portions as he should leave children living, not including his daughter Kate. This direction would have required the division of the estate into seven shares. By the next clause of his will he directs his executors, during the life of his daughter Kate, to pay her $2,500 a year, which sum he had provided for in a previous clause of the will, and had directed should be deducted from the net income of the respective shares given and devised in trust. He then directed his executors, during the life of his wife, to pay her $3,000 a year in the same manner. He next directed his executors to pay in monthly payments to each of his remaining children who should survive him, respectively, during the life of each, an equal part or share of the remaining net income of each of said respective portions or shares. At the death of any such child, such child's portion to go as a remainder in fee to his or her heirs. In February, 1889, the testator published a codicil to his said will in the following language: "I hereby revoke and cancel such portions of my said will, bearing date November 28, 1888, as provided for my sons, William M. Fuller and Bayard C. Fuller, as beneficiaries of the trust therein created, and I hereby declare and will that the said trust shall be created and remain for the benefit of the remaining beneficiaries therein named, (my wife and daughters,) and the said trust-estate shall be divided into as many shares

as I shall leave daughters me surviving. In all other respects said trust provisions are hereby ratified and confirmed. And in lieu of the said provisions in favor of my said two sons I hereby will and bequeath to each of them, William M. Fuller and Bayard C. Fuller, nine thousand dollars in bonds of the Jersey City News Company, which bonds, or their equivalent, if they shall have been sold before the time of my death, shall be taken out of the said trust-estate created by my said will." His sons have each received the $9,000 bequeathed to them. The court below construed the will as providing that the trustees should divide the estate into five shares, being one for each daughter other than Kate, and that on the death of each daughter her share was to go to her child or children. It is claimed upon the part of the appellant Meta Fuller and by the appellants William M. Fuller and Bayard C. Fuller that upon the death of her parent William M. Fuller she will become entitled to the same share as she would have taken under the will if there had been no codicil.

It is a cardinal rule of construction that all testamentary instruments are to be construed according to the intention of their maker; and the question presented is as to what the testator intended by the execution of the codicil which has been mentioned. It is claimed upon the part of the appellants that no intention can be gathered from the language of the will on the part of the testator to deprive his grandchildren of the provision which he had made for them in his original will; and if it had not been for the peculiar language of the original will in reference to the division of his estate this argument would have been of a very convincing character. But upon an examination of the original will it would appear that the testator did not intend to make any provision whatever for his grandchildren unless the son or daughter who was the parent of those children was living at the time of his death. The provision is that the executors should divide his property into as many portions as he should leave children living. Consequently, if any child died prior to the death of the testator leaving issue, such issue could not possibly inherit anything, because there would be no portion whatever set aside for those grandchildren. Then the subsequent language also exhibits the same intention. He provides, after the payment of the annuities, that his executors shall pay in monthly payments to each of his remaining children who shall survive him, respectively, during the life of each, an equal part or share of the remaining net income of each of said respective portions or shares, and that at the death of any such child such child's portion shall go as a remainder in fee to his or her heirs. The idea that, in order that a child or its issue should participate in the estate, it must survive the testator, is set forth, and the only devise over is the child's portion which they got under the will. Now, when we come to the codicil, we find that the testator revokes such portions of his will as provided for his sons, William M. and Bayard C. Fuller, and declared that the trust was to be created and maintained for the benefit of the remaining beneficiaries therein named, (his wife and daughters,) and that the estate should be divided into as many shares as he should leave daughters him surviving. In all other respects the trust provisions are ratified and confirmed. He then provides that in lieu of the said provisions in favor of his sons they should receive $9,000 each. The sons, therefore, have no portion in the trust-estate created under the will, and consequently there could be no portion which will go to their children. We are referred, however, to the rule laid down in *Hard* v. *Ashley*, 117 N. Y. 606, 23 N. E. Rep. 177, and *Redfield* v. *Redfield*, 127 N. Y. 466, 27 N. E. Rep. 1032, that the will and codicil must be taken together and construed together as parts of one and the same instrument, and that the dispositions of the will should not be disturbed unless it is necessary to give effect to the codicil. It is to be observed here that if the effect is given to the codicil which is claimed by the appellants, then the disposition therein attempted to be made might perhaps be absolutely void as contravening the statute, because the trust-estate would

have to be kept as a trust-estate, and the shares of the children of the sons could not descend or be ascertained until all the daughters had died, because each daughter is entitled to receive, as long as she lives, one-fifth of the net income of the estate; and there would be at least six, if not seven, shares in remainder. Such a result is not to be arrived at unless necessary, because a construction must be put upon the will and codicil which will give effect to all its terms, rather than one which will declare any portion of it to be illegal and in contravention of law. The cases cited are entirely different in their features from the one at bar. In the case of *Hard* v. *Ashley*, the testator, after various devises and bequests (all termed by him "bequests") among them, (a devise to Z. of a farm for life, remainder to her children,) gave all his residuary estate to the same parties in the same ratio and proportion as the foregoing bequests were given. By the codicil he revoked the devise to Z. and her children, and gave to her and her heirs a legacy of $8,000 in lieu and instead of said bequest, the testator having by his will fixed the value of the farm to Z. for life, with remainder to her children, at the sum of $15,000. It was held that this revocation did not affect the right of Z. to a share in the residuary estate, but that the will was to be read without other change in that regard than the substitution of the amount of the legacy for the value of the farm devised in proportioning the shares under the residuary clause. Here it was apparent that there was no intention to disturb the residuary clause. The language of the testator was distinct. After reciting the bequest of the farm to Z. for life, with remainder to the children, he says: "I do now hereby revoke said bequest, as well the one to the children of Z. living at her death as the one to said Z., and in lieu and stead of such bequest I do hereby give to said Z. and her heirs $8,000." It is clear, there was no intention to deprive Z. of her interest in the residue which had been previously given. So in the case of *Redfield* v. *Redfield*, *supra*, where a man had devised certain real estate to his daughters and son as joint tenants, and charged the property with the payment of an annuity to his wife, which annuity was to be received by her in lieu of dower. By the codicil the testator directed that the devise be changed by striking out the names of one daughter and one son, and that it be given to the remaining daughter alone, but left it subject to the same provisions and conditions as were contained in the will, the same to be kept and performed by the legatee, and an annuity was given to the son which the legatee was required to assume and pay. The testator made a subsequent codicil, which he declared was to alter the provisions of the will and first codicil, by which he devised the premises to a daughter and son as tenants in common, and released the daughter from paying the annuity to the son which had been provided for by the first codicil. No reference was made to the condition imposed by the will and former codicil as to the annuity to the wife, and no other provision was made for her. The court held that there was no exhibition of any intention to revoke the provision made for the wife in lieu of dower, and this is manifest by the fact that where he did desire to release the legatee from a charge which had been imposed by the first codicil he expressly does it by the second. As already stated, these cases in no way support the proposition claimed by the appellants upon this appeal. We are of opinion, therefore, that it was the clear intention of the testator, by this codicil, to revoke the provision which had been made for the two sons and their issue, leaving the daughters and their issue only to participate in the trust-estate. The motion for a new trial should therefore be denied, with costs, to the parties appearing, to be paid out of the estate.