S. Samuel Di Falco, S.
In this proceeding for the settlement of the account of the substituted trustees construction of the will is required for the purpose of determining the distribution of the remainder which the testator directed be disposed of in accordance with the instructions contained in the subjoined text of paragraph Ninth of his will.
“ Ninth Paragraph: I give and bequeath to my son, John Francis Daniell and my secretary, Charles F. Goetz the sum of Seventy-five Thousand, To have and to hold in trust, however, for the following uses and purposes, To invest the same in the dry goods business now conducted by me and to keep the same invested and pay over the interest to my son, Griswold Boyce Daniell for and during the term of his natural life, upon the death of my son, Griswold B. Daniell, to pay over to my children then living, John F. Daniell and Katherine F. Daniell, but not William S. Daniell nor Russell H. Daniell, the principal sum, share and share alike, but this principal is not to be paid over until ten years after my decease.
“ All the rest, residue and remainder of my estate of which I may die seized, I give and bequeath to my son, John Francis Daniell.”
*360 The testator was survived by his son John F. Daniell and by his daughter Katherine F. Daniell as well as by the life tenant of the trust created in the foregoing.
John F. Daniell assigned his interest in the remainder for the benefit of his creditors, and the assignee, a party to this proceeding, takes the position that the assignment was valid despite the fact that the assignor failed to survive the life tenant. Katherine F. Daniell, the only surviving child of the testator, argues that the fact that her brother John died prior to the termination of the life estate extinguished his interest with the result that the principal now distributable passes to her in its entirety.
The validity of the trust has been sustained against an attack upon it based upon the theory that the testator had directed an unlawful suspension of the power of alienation. Surrogate Foley by his decree dated June 28, 1934 expressly approved the testamentary scheme and in his decision held that ‘ ‘ upon the death of the life beneficiaries the gifts to the remaindermen become absolute with payment deferred.” It is here urged, however, by the assignee for the benefit of John’s creditors that John’s share of the remainder lapsed upon his failure to survive the life beneficiary and fell into the residuary estate of which he was the legatee.
The court is unable to concur in this conclusion. The gift of the remainder was to a class composed of the children of deceased, excluding two, with enjoyment contingent upon survival of the life tenant. No other meaning can logically be extracted from the plain, simple instructions of the testator, “ upon the death of my son, Griswold B. Daniell, to pay over to my children then living The court attaches no significance to the fact that the class was confined to the two named children. Clearly this was intended merely to identify the potential or the possible members and was not meant to create a gift nominatim. Failure of either of the class members to survive the life tenant would not cause an intestacy as to the share of the one so dying. It would instead result in the addition of that share to the balance passing to the sole survivor as is typical of gifts made to a class (Matter of Seebeck, 140 N. Y. 241; Holbrook v. Shepard, 220 App. Div. 64, affd. 245 N. Y. 618; Appleton v. Fuller, 61 Hun 626).
The decision here reached has its counterpart in Matter of Von Helmolt (204 Misc. 377); Matter of Weiland (143 N. Y. S. 2d 152, affd. 1 A D 2d 844, affd. 1 N Y 2d 907) and Matter of Brown (133 Misc. 519). It is, as well, consistent with the more recent decisions which have caused cracks to appear in *361 a canon of will construction which had come to assume the characteristics of a shibboleth; I speak, of course, of the interpretational preference for “early vesting”. (Matter of Gautier, 3 N Y 2d 502; Matter of Steinhardt, 305 N. Y. 619; Matter of Herrick, 9 Misc 2d 938; see, also, Restatement, Property, § 251, p. 1266.) For the reasons stated the court holds that the remainder of the paragraph Ninth trust has vested in Katherine F. Daniell in its entirety and that the gift to John F. Daniell did not ripen because of his failure to survive the life tenant.
Submit decree on notice construing the will in accordance with the foregoing and settling the account as filed.