John D. Bennett, S.
This is an accounting proceeding by the trustee which seeks a construction of the Eighth clause of the will to determine who is entitled to the corpus of the trust therein created. The income of this trust was payable to “ George Floyd-Jones, son of my nephew John Treadwell Jones during the period of his natural life and upon his death, I give and bequeath the said sum of five thousand dollars unto his legal heirs. ’ ’ The meaning of the term ‘£ his legal heirs ’ ’ is now before this court for construction.
The will of Mary W. Baldwin was executed December 5, 1903 and she died on February 1, 1904. George Floyd-Jones, the life beneficiary of the trust, died on November 16, 1958. He left him surviving a widow Ruth M. Jones and six first cousins, one Stephen Linington, a son of a predeceased paternal aunt (a descendant of Mary W. Baldwin’s sister), George C. Smith and Florence Wright, children of a predeceased maternal uncle, and William J. Smith, Alfred F. Smith and Mary Mays, children of a predeceased maternal uncle of the half blood. None of the last five are blood relatives of the decedent Mary W. Baldwin.
If the term £ ‘ legal heirs ’ ’ refers to the distributees of George Floyd-J ones under the statutes in effect at the date of his death, the spouse Ruth M. Jones would take the entire corpus of the trust. However, the Court of Appeals in Matter of Waring (275 N. Y. 6) has established that the law prior to the change of September 1, 1930, is applicable and the widow is not included. Subsequent to the Waring case, section 47-c of the Decedent Estate Law was enacted (L. 1938, ch. 181), but that statute which includes a spouse under the terms ££ heir ”, ££ heir at law ” and ££ next of kin ” does not apply to situations where the testator died prior to the enactment of that section (Matter of Cohn, 184 Misc. 258, affd. 271 App. Div. 775, affd. 297 N. Y. 536). For that reason the spouse is not entitled to *844 any portion of the corpus of the trust unless the court is able to spell out a contrary intent from the will. Nothing appears in the will now before this court which supports any claim that the inclusion of a spouse was intended.
Prior to September 30,1930, section 88 of the Decedent Estate Law provided that when property came to the intestate on the part of the father, the heirs would be descendants of brothers and sisters of the father, that is, relatives of the blood of the ancestors from whom the property was obtained. Matter of Battell (286 N. Y. 97) affirmed the holding of the Waring case, that under the laws that existed prior to September 1, 1930, property should pass to the heirs of the testator’s blood unless the will evidenced an intention to the contrary.
The memorandum submitted by one of the nonblood related heirs alleges that a close, study of the will indicates that it was not the testatrix’ intention to benefit only her blood relatives and it is replete with legacies and bequests to nonrelatives and even a parcel of real property is devised to a nonrelative. The trustee, in its memorandum, reaches the opposite conclusion, considering the specific bequests and devise to nonrelatives as minor and the main part of the estate going to blood relatives. The court has examined the will and is unable to find therein sufficient indication of the intention of the testatrix to support either contention. As far as the court can perceive, the provisions of the will throw no light on whether the testatrix intended the term to refer to her blood relatives or to all the heirs of George Floyd-Jones.
Without any extrinsic evidence of intention, the court is left with the proposition of determining who would be the heirs of George Floyd-Jones under the law prior to September 1, 1930. Since the corpus of the trust originated from his father’s side of the family, the heir of such property would be the descendant of his father’s sister, to wit, Stephen Linington.
The court therefore construes the Eighth clause of the will so that the term “ legal heirs ” refers to the blood relatives of the testatrix talcing as heirs of George Floyd-Jones under the law as it existed prior to September 1,1930, and determines that Stephen Linington, the son of the predeceased paternal aunt is entitled to the entire remainder or corpus of such trust fund.
Settle decree on five days’ notice in accordance herewith.