John D. Bennett, S.
In this accounting proceeding the petitioner requests a construction of the will in which, by article eighth thereof, the testatrix placed one half of the remainder of her personal property, together with certain real property, in trust for the life of her daughter Sarah. The testatrix directed that upon Sarah’s death: “ the entire principal of said fund be paid to my son, franklin steels wiltse, if then living, but if he be dead, then to his heirs, to be his or theirs, as the case may be absolutely and forever ’ ’.
The decedent died on January 15,1934, leaving a will executed on April 28,1932. The primary remainderman of the trust under article eighth, Franklin Steel Wiltse, died intestate on September 30, 1954, leaving him surviving his widow, his sister Sarah, the life income beneficiary, and nine first cousins, one of whom, Helen Grwynne, although surviving Franklin, predeceased Sarah who died on March 19, 1959.
The positions of the various parties submitting memoranda to the court may be summarized as follows:
1. The petitioner contends that the widow of Franklin succeeds to the entire principal, she being the sole “heir ” of the primary remainderman.
*400 2. The representative of the estate of Helen Gwynne, deceased, one of the first cousins, asserts that, having survived Franklin, the named ancestor, she was not required to survive the life income beneficiary to share in the trust principal along with the other eight first cousins.
3. The special guardian supports the construction that only those first cousins surviving the life income beneficiary are entitled to share in the trust principal to the exclusion of all others.
4. The estate of Sarah, the life income beneficiary, claims the entire principal of the trust on the ground that at the death of her brother, Franklin, she was his sole heir.
The court is of the opinion that the proper construction of the will, reflecting more realistically the intention of the testatrix, is the one urged by the special guardian.
The bequest to the primary remainderman was vested subject to being divested as occurred by his death prior to that of his sister. Accordingly, the question is who are the “heirs” of Franklin mentioned in the will as the substitute beneficiaries of the trust remainder.
The surviving widow of Franklin Steele Wiltse has no standing as an heir of her husband under the will. Section 47-c of the Decedent Estate Law, which includes a spouse under the terms “heir”, “heir at law”, does not apply to situations where the testator died prior to the enactment of that section (Matter of Cohn, 184 Misc. 258, affd. 271 App. Div. 775, affd. 297 N. Y. 536; Matter of Baldwin, 21 Misc 2d 842). Further, nothing appears in the will which would indicate an intention on the part of the testatrix to include the spouse of Franklin within the term “ heirs ”.
The determination of what time is to be selected in the ascertainment of the heirs of Franklin will dispose of the remaining contentions. Is the ascertainment to be made as of the date of death of the primary remainderman, or not to be made until the death of the life income beneficiary? Both the fact that the substituted gift is made to a class (heirs) whose membership is generally to be ascertained as of the date of distribution of the remainder, and the fact that the gift to the primary remainder-man being conditioned on his survival, imports a like condition of survival to the termination of the life estate upon the substituted beneficiaries, lead to the conclusion that the heirs of Franklin are to be determined as of the termination of the life estate (see New York Life Ins. & Trust Co. v. Winthrop, 237 N. Y. 93; Matter of Fishel, 167 Misc. 145).
*401 The principle that the law favors “ early vesting ” has of late received serious setbacks from ‘ ‘ recent decisions which have caused cracks to appear in a canon of will construction which had come to assume the characteristics of a shibboleth”. (Matter of Daniell, 12 Misc 2d 359, citing Matter of Gautier, 3 N Y 2d 502; see, also, 33 A. L. R. 2d 242.)
Accordingly, the court holds that the remainder of the trust under article eighth of the will for the benefit of Sarah Crandall Werner vested in those first cousins of the primary remainder-man, Franklin Steele Wiltse, who survived the life income beneficiary to the exclusion of all others.
The request for the appointment of a successor trustee will be held in abeyance pending the demonstration of the necessity of such appointment, since the trust has now terminated (Matter of Astor, 2 Misc 2d 385). Further, the fitness and qualifications of the person, if any, to be appointed, are matters for the court to determine regardless of the nominees proposed either by the petitioner or any of the interested parties (Matter of Astor, supra). Consequently a hearing will be necessary on this question, to be held upon proper application to the court.
The petitioner also requests that the fees of his attorney be fixed pursuant to section 231-a of the Surrogate’s Court Act. This will require a hearing unless the interested persons waive it, in which case a determination will be made upon affidavits of services filed with the court.
The court will accept at this time applications upon notice to all parties for allowance of counsel fees, under section 278 of the Surrogate’s Court Act, by the submission of attorneys’ affidavits of services, outlining the services rendered which were of aid to the court in connection with the construction of the will (Matter of Charles, 2 Misc 2d 928). Proceed accordingly.