John D. Bennett, S.
In this accounting proceeding a construction of the will is required.
By paragraph Fifth of the will, the testatrix directed that the remainder of the $10,000 trust fund 1 ‘ be divided among the nearest relatives on my former husband’s side, william joñas hall, and the nearest relatives on my side, then living ’ Although the subsequently executed codicil attempts to clarify the intention manifested by paragraph Fifth, it is clear from the provisions of paragraph Fifth that the initial intention of the testatrix was to give one half of the remaining $10,000 trust fund to a class of relatives on her “ side ”, and the other one half to a Class of relatives on her husband’s “ side ”, and that this intention carried over and must be read with the codicil (Matter of Foster, 242 App. Div. 796, affd. 270 N. Y. 624).
The relevant portion of the codicil, as previously construed by this court by decision dated September 1, 1954, provides as follows:
“ Whereas by Paragraph #5 I made a bequest of the trust fund of Ten thousand ($10,000) Dollars to be divided among the *178 nearest relatives then living on nay former husbands side, William Jonas Hall, and to the nearest relatives on my side then living and whereas there may be some doubt as to just whom I intended by that bequest I now state that my express intention in making such bequest is as follows:
i 11 give, devise and bequeath the principal of said trust of said Ten thousand ($10,000) Dollars, upon the death of harry keBler, to be divided, share and share alike among the children or their heirs then living of arrie weight, eberezeb hall, elbebt hall, and Joseph t. hall, brothers and sister of my husband, william joras hall, and to the children or their heirs then living Of DARCY ALBERTY, GRACE SOLOMON, EDITH EBISKE, and MILO BEDELL, relatives of mine, all to take per stirpes, and not per capita. ’ ’
At the death of the life tenant, Grace Solomon had no children or heirs of children living. The remaining seven named individuals have all left children or heirs of such children living at the termination of the life estate.
Essentially the effect of the codicil was to define with greater accuracy what particular individuals she meant by the nearest relatives on each side. Accordingly, when by the codicil the remainder was given to children of named individuals, the gift of the remainder was made to classes (children) within two classes (relatives on each side).
The basic incident of gifts to classes of a remainder interest preceded by a life estate is that those persons take who correspond to the descriptive term at the termination of the life estate ( 2 Davids, New York Law of Wills, § 653). Accordingly the failure of Grace Solomon to have children results in a division of one half of the remainder to the children or the heirs, then living, of Dancy Alberty, Edith Friske and Milo Bedell.
Milo Bedell left four children surviving him, Mary Herman, Dancy Alberty, Minnie J. Sonn and Frank L. Bedell, all of whom are deceased except Minnie J. Sonn. Frank L. Bedell left surviving a widow, “ Jane ” Bedell (first name fictitious) and a son, Floyd Bedell. The conclusion arrived at by the special guardian for “ Jane ” Bedell, an alleged incompetent, that she is an heir of Frank L. Bedell is not accurate. There is no intention expressed in the will to include surviving spouses of beneficiaries within the term “ heirs 5’, nor is section 47-c of the Decedent Estate Law, which provides that unless otherwise declared the term “ heirs includes a surviving Spouse, applicable where the testatrix as here predeceased the effective date of such enactment (Matter of Wiltse, 24 Misc 2d 398). Consequently “ Jane ” Bedell is held to have no interest in the remainder. The same is true for all other spouses of deceased *179 beneficiaries who are listed in the petition as being possible heirs under the will.
The children or their heirs of Milo Bedell, living at the termination of the life estate, accordingly share as follows: Floyd Bedell, l/24th; Minnie J. Bonn, l/24th; Lloyd F. Alberty, l/48th; Helen A. Ludwig, l/96th; Sherwood F. Alberty, l/96th, and Hazel Bice, l/24th.
The children or their heirs of Dancy Alberty, living at the termination of the life estate, share as follows: Lloyd F. Alberty, l/12th; Helen A. Ludwig, l/24th and Sherwood F. Alberty, l/24th.
The above shares of the last three beneficiaries are in addition to their shares as heirs of Milo Bedell, their total shares thus being as follows: Lloyd F. Alberty, 5/48ths; Helen A. Ludwig, 5/96ths and Sherwood F. Alberty, 5/96ths.
The children or their heirs of Edith Friske, living at the termination of the life estate, share as follows: Spencer B. Fitze, l/18th; Myra Jane Todd, l/18th and George Fitze, l/18th.
The share of the children or their heirs of Annie Wright, living at the termination of the life estate, is distributable as follows: Ethel Baylis, l/8th, 11
The share of the children or their heirs of Ebenezer Hall, Sr., living at the termination of the life estate, is distributable as follows: Myron W. Hall, 1/16th; Henry Lester Hall, l/48th, Albert Mansfield Hall, l/48th and Howard Munroe Hall, l/48th.
The share of the children or their heirs of Elbert Hall, living at the termination of the life estate, is distributable as follows: Milton E. Hall, l/8th.
The share of the children or their heirs of Joseph T. Hall, living at the termination of the life estate, is distributable as follows: Joseph E- Hall, l/32nd; Florence L. Stehley, l/32nd; Helen I, Chesler, l/32nd and Lyman D. Hall, l/32nd.
The fee and disbursements of the attorneys for the trustee are fixed in the amounts requested, and are for all services rendered, including the submission of a decree and implementation thereof.